**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES DALE KNIGHT,

      Plaintiff - Appellant,

v.

NINA R. KNIGHT; JANIECE I.
KNIGHT; WILLIAM J. KNIGHT;
MARGRET KNIGHT,

      Defendants - Appellees.

No. 06-8041

D. Wyoming

(D.C. No. 02-CV-1050-J)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

James Dale Knight, proceeding *pro se*, appeals from the district court's denial of his "Motion to Dismiss – Pleading for Judgment." We affirm.

On July 18, 2002, Knight filed suit in district court against Appellees seeking title to reclaim properties located in Alaska and Wyoming. On November 21, 2002, the court granted Appellees' motion to dismiss based on the statute of frauds. Almost a year later, Knight filed a motion for reconsideration. On December 8, 2003, the court denied the motion because it essentially reiterated arguments considered by the court. Knight appealed and we affirmed. *Knight v. Knight*, No. 04-8000, 2005 WL 361805 (10th Cir. Feb. 16, 2005). The mandate was issued on February 16, 2005.

On May 11, 2006, Knight filed a "Motion to Dismiss - Pleading for Judgment" in the district court alleging (1) the district court's grant of Appellees' motion to dismiss without a hearing violated his due process rights, (2) the Alaska judgment quieting title to the Alaska property in the Appellees was void for lack of jurisdiction,[1] and (3) Appellees' counsel committed fraud on the court and should be sanctioned. On May 17, 2006, the district court denied Knight's motion concluding it raised no new claims and was untimely under Rule 60(b) of the Federal Rules of Civil Procedure. It also denied Knight's request for sanctions against Appellees' counsel.

---

[1] In June 2002, Appellees filed a quiet title complaint in Alaska state court concerning the Alaska property; Knight was served with the complaint in July 2002. On April 3, 2003, the Alaska state court granted quiet title to Appellees.

We construe Knight's "Motion to Dismiss - Pleading for Judgment" as a Rule 60(b) motion, the denial of which we review for abuse of discretion. *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998). Knight's Rule 60(b) motion essentially seeks relief from the district court's previous orders based on the alleged fraud of Appellees' counsel. Although that rule allows a court to relieve a party from a final judgment or order for "fraud . . ., misrepresentation, or other misconduct of an adverse party," a motion for such relief must be made within one year after the judgment or order. *See* FED. R. CIV. P. 60(b). Knight's motion was untimely. Moreover, Knight's fraud claims merely evidence his disagreement with the legal arguments of Appellees' counsel. They are without merit. Equally unavailing is Knight's argument that his due process rights were violated when the district court granted Appellees' motion to dismiss without a hearing. The court was not required to hold a hearing. *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315-16 (2d Cir. 1998). Lastly, the Alaska judgment quieting title to the Alaska property in Appellees is not void for lack of jurisdiction. The mere fact the federal district court concluded it had jurisdiction over Knight's lawsuit against Appellees does not mean the Alaska state court lacked jurisdiction over Appellees' quiet title action.

AFFIRMED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge