**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SIGIFREDO MORALES-MORALES,

Defendant-Appellant.

No. 06-3274
(D.C. Nos. 04-CV-3202-KHV and
02-CR-20082-KHV)
(Kansas)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Mr. Morales, a federal prisoner, seeks a Certificate of Appealability (COA) to appeal the denial of his FED. R. CIV. P. 60(b) motion challenging the denial of his earlier 28 U.S.C. § 2255 petition. To the extent we recognize Mr. Morales' motion as a true 60(b) motion, we deny that request. To the extent Mr. Morales' 60(b) motion is more properly classified as a second or successive § 2255 petition, we construe his application for a COA as a request to file a second or successive habeas, which we also deny.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Mr. Morales pled guilty to possessing cocaine with intent to distribute in violation of federal law. On June 9, 2003, the district court sentenced him to 121 months imprisonment. On June 18, 2004, Mr. Morales filed a habeas petition pursuant to 28 U.S.C. § 2255. The district court denied that petition on January 7, 2005, and denied what the court construed as a timely motion to reconsider on February 24, 2005.

Mr. Morales filed what he designated as a motion pursuant to Rule 60(b) on June 12, 2006, seeking further reconsideration of the court's denial of his § 2255 petition. In his 60(b) motion, Mr. Morales alleged that his failure to receive relevant transcripts had prevented him from effectively developing a claim under *Blakely v. Washington*, 542 U.S. 296 (2004). The court noted that the motion was not filed "within a reasonable time under Rule 60(b)(6)," and found "that to the extent [it] could construe defendant's *Blakely* argument as part of his original Section 2255 motion," it would deny the 60(b) motion. Rec., vol. I, doc. 81 at 1-2. The court further pointed out that it had advised Mr. Morales when it denied reconsideration of his first habeas petition that he must seek leave from this court to file a second or successive habeas petition under § 2255 if he wished to pursue the *Blakely* issue. *Id.*

We must first decide whether Mr. Morales' motion was a "true" Rule 60(b) motion or a mislabeled successive habeas petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). To the extent he claims he failed to receive

pertinent transcripts in time to prepare his first § 2255 motion, we conclude the district court correctly characterized Mr. Morales' motion as a "true" Rule 60(b) motion. *See id.* (A "'true' 60(b) motion . . . challenges a defect in the integrity of the federal habeas proceeding" without leading to a "merits-based attack on the disposition of a prior habeas petition."). With respect to the merits of that motion, we note that in a December 20, 2004 order, the district court stated that transcripts had been sent to Mr. Morales and determined "that a brief extension of time [was] warranted" for Mr. Morales to file a reply brief. Rec., vol. I, doc. 69 at 2. When Mr. Morales subsequently filed an untimely reply (which the court construed as a motion to reconsider), Mr. Morales did not reassert he had not received the transcripts. We therefore conclude he had access to transcripts and the opportunity to prepare his reply accordingly, and that jurists of reason would not disagree with the district court's denial of Mr. Morales' Rule 60(b) motion. *See Miller-Ed v. Cockrell*, 537 U.S. 322, 327 (2003).

To the extent Mr. Morales' *Blakely* claim was considered by the district court on the merits, we note that challenges to the court's previous ruling on the merits are to be considered a successive habeas petition and not a 60(b) motion. *Spitznas*, 464 F.3d at 1216. Where such claims have been improperly cast as a 60(b) motion, on appeal we will vacate the relevant portions of the district court's order and treat the notice of appeal and appellate brief as "an implied application to this court for leave to file a second § 2255 motion." *United States v. Nelson*,

465 F.3d 1145, 1149 (10th Cir. 2006). To the extent the *Blakely* claim presents a "claim of constitutional error omitted from the . . . initial habeas petition," it too is properly labeled a second habeas motion and considered by this court as such. *Spitznas*, 464 F.3d at 1216. Looking at Mr. Morales' *Blakely* claim in this light, we hold that he is not entitled to a second or successive petition under § 2255 because his claim is not based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral appeal. *See* 28 U.S.C. § 2255 ¶ 8. Accordingly, we deny leave to file a second or successive habeas petition.

In sum, we **DENY** Mr. Morales' request for a COA to appeal the denial of his true Rule 60(b) motion, **VACATE** the district court's order to the extent it addressed the merits of Mr. Morales' *Blakely* claim, construe portions of Mr. Morales' request for a COA as an application to file a second or successive § 2255 petition, and **DENY** the request.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge