FILED
United States Court of Appeals
Tenth Circuit

December 14, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EMERSON O. DAVIS,

      Petitioner-Appellant,

v.

WARDEN, FEDERAL TRANSFER
CENTER, OKLAHOMA CITY,

      Respondent-Appellee.

No. 07-6192
(D.C. No. CV-03-1671-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Emerson Davis, a *pro se* litigant currently incarcerated in the Federal

Correctional Complex in Coleman, Florida, appeals the district court's denial of

his Rule 60(b) motion asking the court to vacate its September 23, 2004 order

dismissing his 28 U.S.C. § 2241 petition for writ of habeas corpus. Because we

agree with the district court that the motion is untimely, we affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

* * *

A jury in the Northern District of Florida convicted Mr. Davis of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, for which the district court sentenced him to life in prison. After appealing his conviction and seeking relief under 28 U.S.C. § 2255, both of which were denied, Mr. Davis filed a 28 U.S.C. § 2241 petition in the Western District of Oklahoma. Although he was convicted and is now housed in Florida, Mr. Davis was incarcerated in the Federal Transfer Center in Oklahoma City, Oklahoma at the time of his Section 2241 petition. The Western District of Oklahoma was therefore the appropriate jurisdiction and venue in which to bring the Section 2241 petition. *See* 28 U.S.C. § 2241(a); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (explaining that a Section 2241 petition is properly filed in the district where the prisoner is confined at the time of the filing). The district court dismissed the motion on September 23, 2004 because Mr. Davis had not established the inadequacy or ineffectiveness of 28 U.S.C. § 2255, and a panel of this court affirmed. *See Davis v. Warden*, No. 04-6345, Order (10th Cir. June 14, 2005).

On June 25, 2007, almost three years after the judgment, Mr. Davis filed this Rule 60(b) motion, Fed. R. Civ. P. 60(b), seeking to vacate the district court's September 23, 2004 order dismissing his Section 2241 petition. He sought relief under Rule 60(b)(1) and (6), which provide relief from a final order for "mistake,

inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). In his Rule 60(b) motion, Mr. Davis essentially argued that the district court should have addressed his Section 2241 petition on the merits because Section 2255 relief was inadequate or ineffective, contrary to the court's order (as well as this court's order affirming the district court). The district court denied the motion, finding that relief under 60(b)(1) was barred by the rule's one-year statute of limitations, and that relief under 60(b)(6) was barred because Mr. Davis did not make the motion "within a reasonable time," as the rule requires. D. Ct. Order at 1-2. Mr. Davis appeals.

\* \* \*

We review the district court's denial of a Rule 60(b) motion for abuse of discretion, mindful that Rule 60(b) is extraordinary relief that may only be granted in exceptional circumstances. *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). Even construing his complaint liberally, as we must, *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), Mr. Davis fails to demonstrate why the district court abused its discretion in denying his Rule 60 motion as untimely.

Rule 60(b) has dual timeliness standards: a "reasonable time" standard for all motions filed under 60(b), and a maximum one-year statute of limitations from

- 3 -

entry of the order for motions filed under 60(b)(1), (2), or (3). *See* Fed. R. Civ. P. 60(b); *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004) (noting "reasonable time" requirement applies to 60(b)(1), (2), and (3), and is not necessarily satisfied by filing within one year), *abrogated on other grounds by Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006). The district court entered its order denying Mr. Davis's Section 2241 petition on September 23, 2004, and Mr. Davis did not file his Rule 60(b)(1) and (6) motion until June 25, 2007, a delay of two years and nine months. His 60(b)(1) motion obviously falls short of the one-year statute of limitations, as the district court properly concluded.

Regarding his 60(b)(6) motion, Mr. Davis was aware of the basis for his objection as of the day the district court entered its order. Yet he waited almost three years to file his motion, a delay that, left unexplained, could appropriately be considered beyond "a reasonable time." *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (finding no abuse of discretion in ruling that one year between judgment and Rule 60(b) motion was not a reasonable time); *United States v. Morales-Morales*, 222 Fed. Appx. 796, 796-97 (10th Cir. 2007) (affirming ruling that one and a half years between judgment and Rule 60(b) motion was not a reasonable time). Our cases require a party who delays in filing a Rule 60(b) motion after discovery of the grounds for the motion to present sufficient justification for the delay. *Sorbo*, 432 F.3d at 1178; *Cummings*, 365

F.3d at 955. Mr. Davis alleges that the skin diseases he contracted infected his legal papers and required their destruction. He suggests that this explains his delay in filing the motion, making the time elapsed reasonable. However, the medical records attached to his brief indicate that he was infected with his skin diseases, at the earliest, in December 2005. Thus, even if we considered his infection and consequent loss of legal papers sufficient reason for delay, this reason did not arise until over a year after the district court's September 23, 2004 order, by which time his 60(b)(1) motion would already have been untimely and his 60(b)(6) motion could be considered beyond a reasonable time. Furthermore, Mr. Davis did not present this, or any, reason for his delay to the district court until his motion to alter or amend, Fed. R. Civ. Proc. 59(e), after the court had denied his Rule 60(b) motion. Rule 59 is not an appropriate vehicle "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because Mr. Davis did not timely offer the district court any justification for his delay, we cannot conclude that the district court abused its discretion in denying his motion as untimely.

Mr. Davis also argues that the district court incorrectly calculated the time between its order and his motion – he submits that only one and a half years passed because the Supreme Court did not deny certiorari on his appeal from the

district court's order until November 2005.  This calculation method is contrary to the plain language of the rule, which starts the clock running at the time "the judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(b); *see Knight v. Knight*, 228 Fed. Appx. 810, 812 (10th Cir. 2007) (acknowledging that Rule 60(b) filing period begins to run on the date the order or judgment is issued); *Sorbo*, 432 F.3d at 1178 (measuring "reasonable time" in Rule 60(b) from the time plaintiff could have raised the objection).  The district court correctly calculated the time elapsed and did not abuse its discretion in finding the motion untimely.[1]

* * *

We note that the district court granted Mr. Davis's request to proceed *in forma pauperis*, but we wish to remind Mr. Davis of his obligation to continue making partial payments until the entire filing fee for this appeal is paid.  *See* 28 U.S.C. § 1915(a), (b).  The judgment of the district court is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[1]  Mr. Davis has filed an application for certificate of appealability in this court ("COA"), which we need not consider, as Section 2241 appeals by federal prisoners do not require a COA.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).  The district court's order denying a COA appears to have been made under the mistaken belief that Mr. Davis is a state prisoner with an underlying Section 2254 action, rather than a federal prisoner with an underlying Section 2241 proceeding.