**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARLIN JAMES MACK,

Defendant - Appellant.

No. 02-5211
(D. Ct. No. 00-CR-126-001-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **EBEL**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

A jury found Defendant-Appellant Marlin James Mack guilty of numerous counts relating to possessing with intent to distribute, and conspiring to possess and distribute, narcotics.  The District Court sentenced Mr. Mack to life in prison to be followed by five

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

years' supervised release and imposed $15,517 in assessments and restitution. We affirmed. *See United States v. Mack*, 100 Fed. Appx. 752 (10th Cir. June 7, 2004) (unpublished). The Supreme Court summarily reversed and remanded our decision in light of *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005). *See Mack v. United States*, — U.S. —, 125 S.Ct. 1037 (Jan. 24, 2005). We REINSTATE all non-sentencing portions of our previous opinion, VACATE Mr. Mack's sentence, and REMAND for resentencing consistent with *Booker.*

The Government prosecuted Mr. Mack for being a member of an extensive drug conspiracy. At trial, multiple witnesses testified to Mr. Mack's involvement in the conspiracy. Specifically, the government introduced the following evidence of Mr. Mack's involvement in the conspiracy: (1) the police arrested him in 1998 at a Tulsa airport in connection with a marijuana shipment; (2) he phoned and transferred money to the leader of the conspiracy frequently during the duration of the conspiracy; (3) Mr. Mack assisted in and supervised the packaging and shipping of marijuana for the conspiracy on multiple occasions; (4) officers arrested Mr. Mack for possessing cocaine with intent to distribute outside of a Tulsa airport as he returned from Phoenix; and (5) several witnesses testified that Mr. Mack murdered two men that he claimed stole cocaine from him.

Although the Government presented testimony that Mr. Mack killed two people, it did not charge him with an unlawful killing nor did the jury find that Mr. Mack

committed any homicide offense. Nevertheless, relying on the U.S. Sentencing Guidelines §§ 2D1.1(d)(1) and 2A1.1, the District Court enhanced Mr. Mack's sentence because it found based upon the preponderance of the evidence that Mr. Mack killed two men. As the Supreme Court instructed in *Booker*, such an enhancement violates the Sixth Amendment. 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

While there is no doubt that this enhancement constitutes Sixth Amendment error, the conditions required for a remand are dependent upon whether Mr. Mack objected to this enhancement below. Although he was sentenced prior to *Blakely v. Washington*, 542 U.S. —, 124 S. Ct. 2531 (2004), the record illustrates that Mr. Mack objected to this sentencing enhancement below. At his sentencing hearing, Mr. Mack objected to the court "putting a first degree murder sentencing guideline on a defendant who was just tried . . . in a drug conspiracy case." Sentencing Hearing Tr. at 5. He further argued that he should only be sentenced based on "what the jury actually convicted [him] of." *Id*. The District Court overruled this objection.

Because Mr. Mack adequately raised this issue below, we must vacate his sentence unless the error is harmless. Fed. R. Crim. P. 52(a); *United States v. Riccardi*, — F.3d —, 2005 WL 896430, *19 (10th Cir. 2005) (applying harmless error analysis to a preserved

constitutional *Booker* error). The Supreme Court has held that, in regard to sentencing

errors, harmlessness consists of determining, based "on the record as a whole," whether

"the error . . . affect[ed] the district court's selection of the sentence imposed." *Williams*

*v. United States*, 503 U.S. 193, 203 (1992) (citing Fed. R. Crim. P. 52(a)). In harmless

error cases, the Government bears the burden of demonstrating that the sentence was not

affected. *Id.* Because this error is of constitutional dimension, the Government must

establish this lack of effect beyond a reasonable doubt. *See Chapman v. California*, 386

U.S. 18, 24 (1967).

The Government does not meet this burden. The Government's sole argument is

that the record contains evidence to support the application of the enhancing Guidelines

by a preponderance-of-the-evidence standard. In this case, such a showing is insufficient

because the Government does not establish that the District Court, finding facts by a

preponderance of the evidence under a *discretionary* sentencing scheme, would have

imposed a life sentence. The record is silent on this score. As such, we cannot conclude

beyond a reasonable doubt that this error is harmless. *See United States v.*

*Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005) (on harmless-error review,

remanding a non-constitutional *Booker* error case in the face of a silent record).

Therefore, we REINSTATE all non-sentencing portions of our previous opinion,

VACATE Mr. Mack's sentence, and REMAND for resentencing consistent with *Booker*.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Chief Circuit Judge