**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARLIN JAMES MACK,

    Defendant-Appellant.

No. 06-5001
(Northern District of Oklahoma)
(D.C. No. 00-CR-126-HDC)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Circuit Judge**, McWILLIAMS**, Senior Circuit Judge**, and **TYMKOVICH**, Circuit Judge.[**]

---

By indictment, Marlin James Mack, (the defendant), and others, were charged *inter alia* with (1) conspiring to possess and distribute cocaine, crack cocaine and marijuana in violation of 21 U.S.C. § 846; (2) possessing crack cocaine with an intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); (3) conspiring to commit money laundering in violation of 18 U.S.C. §1956(h); and (4) possessing

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

marijuana with an intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The indictment also alleged, *inter alia,* that, as an "overt act" of the conspiracy, the defendant killed two individuals by shooting them in the head and setting their bodies on fire. After a twenty-three day trial, a jury convicted defendant on each of the counts set forth *supra.* At trial, evidence of these murders was received in support of those allegations.

A presentence report set defendant's base offense level at 43, which sets a guideline range of life imprisonment, regardless of the person's criminal history category. U.S.S.G.§ 2D1.1(a)(1) and U.S.S.G.§ 2A1.1. In accord therewith, the defendant on November 25, 2002, was sentenced to life imprisonment on Counts 1 and 2, and to 240 months imprisonment on Counts 3 and 4. Defendant appealed his judgment and sentence.

On direct appeal, this court in an unpublished opinion affirmed defendant's convictions on each of the four counts. *United States v. Mack,* 100 Fed. Appx. 752, 2004 WL 1240846 (10th Cir. 2004). (Mack I). In footnote 2 of our opinion, we stated "because we affirm the district court on all claims, we need not address Mr. Mack's re-sentencing arguments."

The defendant petitioned the Supreme Court for writ of certiorari, which petition was granted based on the district court's mandatory application of the federal sentencing guidelines. Accordingly, the Supreme Court vacated our judgment and remanded the case to this Court for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Mack v. United States,* 543 U.S. 1107 (2005). On remand, this Court

reinstated all non-sentencing portions of its previous opinion and then remanded the case to the district court for resentencing. In remanding for resentencing, we spoke as follows: "We cannot conclude beyond a reasonable doubt that this error is harmless." *United States v. Mack,* 130 Fed. Appx. 290, 292, 2005 WL 1060586 (10th Cir. 2005).

On December 12, 2005, the district court resentenced defendant to life imprisonment on Counts 1 and 2 and 240 months on Counts 3 and 4, all sentences to be served concurrently. Defendant appeals. We affirm.

Counsel for Mack frames the two issues on appeal as follows:

1.     The life sentence imposed by the district court on resentencing was unreasonable, where the court relied, in part, on inaccurate information.

2.      Mr. Mack's Fifth and Sixth Amendment rights were violated by the district court's enhancement of his sentence based on facts not found by a jury where Mr. Mack was sentenced originally prior to the issuance of the remedial opinion in United States v. Booker, 543 U.S. 220 (2005). This claim is raised for preservation purposes.

Before considering the two matters urged by counsel on appeal, as background, we note that in Mack I we summarized the evidence adduced at Mack's jury trial as follows:

> After a twenty-three day trial involving over fifty witnesses, a jury convicted Mr. Mack on all counts. At trial, multiple witnesses testified to Mr. Mack's involvement in the conspiracy. Specifically, the government introduced the following evidence of Mr. Mack's involvement in the conspiracy: (1) the police arrested him in 1998 at a Tulsa airport in connection with a marijuana shipment; (2) he phoned and transferred money to Mr. Bellamy frequently during the duration of the conspiracy; (3) Mr. Mack assisted in and super-vised the packaging and shipping of marijuana for the conspiracy on multiple occasions; (4) officers arrested Mr. Mack for possessing

cocaine with intent to distribute outside of a Tulsa airport as he returned from Phoenix; and (5) several witnesses testified that Mr. Mack murdered two men that he claimed stole cocaine from him.

## I

At resentencing, the defendant's counsel argued to the district court that to enhance defendant's sentence based on facts not found by a jury-- specifically that he murdered two people in furtherance of the drug conspiracy–violated his Fifth and Sixth Amendment rights to trial by jury. In thus arguing, counsel recognizes that *Booker's* remedial opinion permitted the district court to enhance defendant's sentence using the uncharged murders, so long as it did not apply the guidelines in a mandatory fashion. However, at the same time, counsel goes on to suggest that such a holding would in itself violate the *ex post facto* principles inherent in the Due Process Clause. On appeal, counsel concedes that the foregoing argument was rejected by this Court in *United States v. Rines,* 419 F.3d 1104 (10th Cir. 2005), and that we, as a panel, cannot overrule *Rines*. Such being the case, counsel states that defendant "raises the issue to preserve it for further review by the Supreme Court."

## II.

Counsel's main argument is that the district court's imposition of a life sentence was unreasonable under 18 U.S.C. § 3553(a). She suggests that the district court's imposition of a life sentence on the defendant was both "unreasoned" and "unreasonable," citing *United States v. Cage,* 451 F.3d 585, 591 (10th Cir. 2006).

- 4 -

The starting point in our discussion is that the parties agree, for the purpose of this case, that defendant's base offense level is 43. As indicated, the sentencing guideline for one with an offense level of 43 is life imprisonment, regardless of the person's criminal history category. And pursuant thereto, the district court resentenced defendant to imprisonment for life on Counts 1 and 2. Thus, the sentence imposed was within the guideline range. Such being the case, a sentence within the guideline range is presumptively reasonable under 18 U.S.C. § 3553(a), and on appeal "the defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors in § 3553(a)." *United States v. Kristl,* 437 F. 3d 1050, 1055 (10th Cir. 2006).

At sentencing, the district court clearly indicated that the fact that the evidence adduced at trial proved that as a part of defendant's participation in the drug conspiracy the defendant had killed two persons was the primary reason that it sentenced defendant to two terms of life imprisonment. However, the district court did indicate that there were other facts in the case that supported its determination that a life sentence was proper and thus reasonable. Those were (1) defendant's role in the conspiracy; (2) his criminal record; and (3) his participation in the invasion of the Field's residence.[1]

At the outset, it should be observed that this is not a case where, for example, a

_____

[1]In this general connection, we note that in *United States v. Rodriguez-Quintanilla,* 442 F. 3d 1254, 1258 (10th Cir. 2006), we "emphasize that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence," citing *United States v. Contreras-Martinez,* 409 F.3d 1236, 1242 (10th Cir. 2005).

defendant has pled guilty and accordingly, at sentencing, a district court relies primarily on the pre-sentence report. In the instant case, the defendant did not plead guilty, but was adjudged guilty by a jury after a 23-day trial presided over by the same judge who thereafter sentenced him. In that situation a district court may not only rely on the presentence report, but it also has a right to rely on what it saw and heard during the trial itself. *See United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006). Viewed in that context, we conclude that the record, which includes a transcript of the trial, supports the district court's conclusion that defendant was a "leader" in this extensive drug conspiracy case. True, the "head man" was located in Arizona, but the conspiracy involved about six other states, and it would appear to us that the defendant was, indeed, a "leader" in Oklahoma.

As for defendant's prior criminal history, the pre-sentence report indicates that the defendant apparently had four prior convictions, and in addition several convictions which apparently occurred when he was a juvenile. In our view, the district court did not err in considering those matters at the sentencing of the defendant. And it is very obvious to us that the district court did not sentence defendant to two life sentences because of his criminal history.

The evidence concerning the so-called "Home Invasion and Abduction at the Fields' residence" was that three persons forced their way into the Fields' residence to recover some drugs. One of the perpetrators thereof, at trial, testified that the defendant was one of the intruders. The victim of the invasion, however, testified that he was not.

So, this is simply a case of conflicting evidence. In any event, it is again clear from the record, that the district court did not sentence the defendant to two life imprisonment terms because of the Fields incident.

In short, based on the present record, any possible error at sentencing was harmless, i.e., "the error did not affect the district court's selection of the sentence imposed." *United States v. Labastida-Segura,* 396 F.3d 1140, 1143 (10th Cir. 2005).

Judgment affirmed.[1]

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

---

[1]Shortly before this case was initially set for oral argument, defendant's counsel filed in this Court a "Notice Regarding Status of Appeal" in which she stated that while the case had been pending in this Court, the State of Oklahoma had filed charges against defendant in the district court in and for Tulsa County charging him with two counts of murder and sought the death penalty. We were further advised that the jury on December 14, 2006, found defendant guilty of the charges and that he had been sentenced to two life sentences to run concurrently. We are also advised that the defendant intends to appeal his state convictions and sentences.