2008 OK CR 23

**Marlin James MACK, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2007–100.**

Court of Criminal Appeals of Oklahoma.

July 11, 2008.

Sid Conway, Ron Wallace, Curtis Allen, Assistant Public Defenders, Tulsa, OK, Attorneys for Defendant at trial.

William J. Musseman, Eric Johnston, Assistant District Attorneys, Tulsa, OK, Attorneys for State at trial.

Stephen J. Greubel, Assistant Public Defender, Tulsa, OK, Attorney for Petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, Attorneys for Respondent on appeal.

## OPINION

CHAPEL, Judge.

¶ 1 Marlin James Mack was tried by jury and convicted of two counts of Murder in the First Degree in violation of 21 O.S.2001, § 701.7(A), in the District Court of Tulsa County, Case No. CF–2002–2669. In accordance with the jury's recommendation the Honorable Gordon D. McAllister sentenced Mack to two sentences of life imprisonment without the possibility of parole. Mack appeals from these convictions and sentences.

¶ 2 In the early morning hours of February 17, 2000, Mack shot and killed Marlin Deshaun Teague and Dana James. He then drove the car in which they were riding to a rural area of Tulsa County and set it on fire. Teague and James were burned beyond recognition and identified by dental records. Mack killed the two because they had stolen cocaine from him. He was arrested and charged with murder in Tulsa district court. Mack was part of a drug ring operating in Arizona, Oklahoma, Kansas and Michigan. After an investigation in which state and federal officers cooperated very closely, Mack was charged in federal court with fifteen coconspirators on charges of conspiracy to distribute drugs and conspiracy to launder money, possession of cocaine and marijuana with intent to distribute, and criminal forfeiture. He was tried and convicted in federal court before his state trial for murder. A Tulsa county district attorney was cross-deputized and assisted in the federal case, and a federal prosecutor was present for Mack's subsequent state preliminary hearing. Most of the State's non-law enforcement witnesses at the preliminary hearing testified they expected leniency in their federal cases in return for their state court testimony. The State's witnesses for preliminary hearing essentially repeated the testimony they had already given concerning the murders in federal court. The two Oklahoma murders were used to prove the overt acts necessary for the federal drug conspiracy charge.

¶ 3 Mack received life in prison in his federal case. The federal court enhanced Mack's sentence for possession of cocaine and conspiracy, under the federal sentencing guidelines, by using the first degree murder sentencing guidelines provisions. These provide that a sentence may be enhanced "[i]f a victim was killed under circumstances that would constitute murder" had the killing taken place within federal jurisdiction.[1] The court noted that the Government established the alleged killings by the required degree of proof, presenting very convincing evidence of acts that would have been first degree murder.[2] This conviction was affirmed on appeal;[3] however, the sentence was vacated on certiorari by the United States Supreme Court and the case was remanded to the Tenth Circuit for reconsideration in light of *United States v. Booker.*[4] Upon review the Tenth Circuit affirmed Mack's life sentence.[5] The Tenth Circuit noted that, given Mack's offense level, he would have received a life sentence in any event. That Court also specifically found that the district court relied on factors other than the Oklahoma murders to support the imposition of a life sentence.[6]

¶ 4 In Proposition I Mack claims the dual sovereignty exception to the prohibition against double jeopardy does not apply here and he cannot be punished by both the State of Oklahoma and the federal government for a criminal act constituting a single offense. He claims that, as the two murders forming the basis of this prosecution were also used to form the basis for his punishment in federal court, this separate and sub-

---

1. U.S.S.G. § 2A1.1(a).

2. O.R. II at 332, Sentencing Hearing in the United States District Court for the Northern District of Oklahoma, November 25, 2002.

3. *United States v. Mack,* 100 Fed.Appx. 752 (C.A.10 2004) (not for publication).

4. *Mack v. U.S.,* 543 U.S. 1107 125 S.Ct. 1037, 160 L.Ed.2d 1031 (2005). *U.S. v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) struck down federal sentencing guidelines because they did not require a jury to find the facts of crimes used for sentence enhancement.

5. *United States v. Mack,* 248 Fed.Appx. 895 (C.A.10 2007) (not for publication).

6. *Id.* at 899. The factors included his leading role in the federal drug conspiracy, his criminal record, and his participation in a home invasion.

sequent prosecution for the murders in Oklahoma state court violates double jeopardy.[7] Double jeopardy protects against (a) a second prosecution for the same offense after acquittal; (b) a second prosecution for the same offense after conviction; and (c) multiple punishments for the same offense.[8] In the latter context, the Double Jeopardy Clause prevents a sentencing court or courts from imposing a greater punishment for a single offense than authorized by the legislature.[9]

■ ¶ 5 The doctrine of dual sovereignty holds that "a federal prosecution does not bar a subsequent state prosecution of the same person for the same acts, and a state prosecution does not bar a federal one." [10] Both parties agree that the United States and Oklahoma are separate sovereigns and each may prosecute a defendant who violates laws of each jurisdiction by a single act.[11]

¶ 6 Mack claims that dual sovereignty does not apply here because his actions in killing the victims were chargeable as murder in state court, but could not be charged as murder in federal court. Case law does not support this interpretation. The United States Supreme Court has described the "act" or "offense" requirement as allowing dual sovereigns to successively prosecute a person for the same "course of conduct",[12] so long as the course of conduct violates laws of each jurisdiction. For over a century, the Court has affirmed the principle of dual sovereignty where two sovereigns prohibit the same course of conduct as different offenses.[13] Considering the issue in *Bartkus v. Illinois,* the Court noted, "With this body of precedent as irrefutable evidence that state and federal courts have for years refused to bar a second trial even though there had been a prior trial by another government for a similar offense, it would be disregard of a long, unbroken, unquestioned course of impressive adjudication for the Court now to

7. Mack has consistently argued this throughout his state court proceedings. After being bound over for preliminary hearing Mack moved to dismiss his state prosecutions for murder on double jeopardy grounds. The State argued that dual sovereignty allowed both prosecutions. After listening to argument, the trial court concluded that dual sovereignty was not an issue on these particular facts, and that double jeopardy specifically applied because Mack was being punished twice (in federal and state court) for the murders. The State appealed to this Court. During the pendency of the appeal Mack's federal sentence was vacated. This Court held that, under the circumstances, no double jeopardy issue was ripe for review. The District Court's decision was reversed and the case remanded. Upon remand Mack's trial was held, he was convicted of both murders, and commenced this appeal.

8. *Kane v. State,* 1996 OK CR 14, 915 P.2d 932, 934; *Ellis v. State,* 1992 OK CR 35, 834 P.2d 985, 988; *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

9. *Ellis,* 834 P.2d at 990.

10. *United States v. Wheeler,* 435 U.S. 313, 317, 98 S.Ct. 1079, 1082, 55 L.Ed.2d 303 (1978) (Navajo Nation and United States Government are dual sovereigns).

11. *Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985).

12. *Id.* This is so even where the offense prosecuted in one jurisdiction is a greater or lesser included offense of that prosecuted by the other jurisdiction, which would be barred by double jeopardy if the successive prosecutions were undertaken in the same jurisdiction. *Heath,* 474 U.S. at 87, 106 S.Ct. at 437. In *Heath,* the defendant hired men who kidnapped his wife in Alabama and killed her in Georgia. He was convicted in Georgia of malice murder, and in Alabama of murder during a kidnapping.

13. *United States v. Lara,* 541 U.S. 193, 210, 124 S.Ct. 1628, 1639, 158 L.Ed.2d 420 (2004) (Spirit Lake Tribe tribal code prohibited violence to a policeman, while federal statute prohibited assaulting a federal officer); *Wheeler,* 435 U.S. at 317, 98 S.Ct. at 1082–83 (defendant charged under Navajo Tribal Code with disorderly conduct and contributing to delinquency of a minor, and in federal court with statutory rape, based on same conduct); *Abbate v. United States,* 359 U.S. 187, 195, 79 S.Ct. 666, 671, 3 L.Ed.2d 729 (1959) (Illinois law prohibited conspiracy to injure or destroy another's property, while federal statute prohibits conspiracy to destroy communications towers and equipment); *Bartkus v. Illinois,* 359 U.S. 121, 132, 79 S.Ct. 676, 683, 3 L.Ed.2d 684 (1959) (defendant acquitted of federal crime of robbery of a federally insured savings and loan, then convicted under Illinois robbery statute); *Moore v. Illinois,* 55 U.S. 13, 19–20, 14 How. 13, 19, 14 L.Ed. 306 (1852) (Illinois statute imposed fine on persons harboring escaped slave, while federal statute punished interference with master in recapture and reclamation of escaped slave).

rule that due process compels such a bar."[14] *Bartkus* discussed an earlier case, noting:

> In *Screws v. United States*, defendants were tried and convicted in a federal court under federal statutes with maximum sentences of a year and two years respectively. But the state crime there involved was a capital offense. Were the federal prosecution of a comparatively minor offense to prevent state prosecution of so grave an infraction of state law, the result would be a shocking and untoward deprivation of the historic right and obligation of the States to maintain peace and order within their confines.[15]

¶ 7 Mack's conduct in murdering his victims in the course of conspiring to distribute drugs violated a federal law. Mack was charged in federal court with conspiracy to distribute cocaine.[16] The federal Indictment alleged that Mack and his co-conspirators carried out many acts of violence, including the murders, to enforce the conspiracy.[17] This allegation was appropriate under federal law. Mack could not have been charged with murder in federal court, but his homicidal conduct was legitimately the basis, in part, for a different federal charge. Two separate sovereigns sought to prosecute Mack for conduct violating laws in each jurisdiction. The doctrine of dual sovereignty applies, and the State prosecution is not barred by double jeopardy.[18] Proposition I is denied.

 ¶ 8 Mack submitted two *pro se* propositions of error. The first of these claims that the trial court erred in admitting gruesome photographs and a videotape of the scene, which showed the victims' incinerated bodies. Mack objected to admission of these pictures and the videotape, and the issue was preserved for appeal. Crime scene photographs may be relevant to show the crime scene, corroborate the medical examiner's testimony, or demonstrate the nature and extent of a victim's wounds.[19] The pictures admitted in this case showed the crime scene and corroborated the medical examiner. However, neither victim died of burns; the State stipulated that the victims were dead before their bodies were set on fire. Under those circumstances we must look more closely at the pictures' relevance. Pictures should not be admitted where they are "unnecessarily hideous as to produce an unfair impact on a jury."[20] However, pictures of burnt bodies at the crime scene, though gruesome, may be relevant and admissible even where the victim did not die of the burns.[21] Most of the State's exhibits here fall within this category. Several of the pictures showed close views of the bodies, charred with exposed bone and internal tissue and showing missing extremities. States Exhibits 4 and 5 in particular tend to provoke a visceral reaction in the viewer and should not have been admitted. This error is subject to harmless error analysis. Taking the evidence as a whole, we are satisfied beyond a reasonable doubt that the admission of these photographs did not improperly affect the jury's deliberations.[22] This proposition is denied.

 ¶ 9 In his second *pro se* proposition Mack complains of prosecutorial misconduct.

---

14. *Bartkus*, 359 U.S. at 136, 79 S.Ct. at 685.

15. *Bartkus*, 359 U.S. at 137, 79 S.Ct. at 685 (citation omitted).

16. 21 U.S.C. § 846.

17. O.R. II at 328–29, Sentencing Hearing in the United States District Court for the Northern District of Oklahoma, November 25, 2002. Apparently, this specificity was unnecessary, as proof of overt acts is not an element of proof on that charge. *U.S. v. Shabani*, 513 U.S. 10, 17, 115 S.Ct. 382, 386, 130 L.Ed.2d 225 (1994).

18. I do not agree with the United States Supreme Court's interpretation of dual sovereignty. I do not believe two jurisdictions should be allowed to punish a defendant separately for the same crime, resulting in multiple punishment. *See Nichols v. District Court of Oklahoma County*, PR–2001–446 (July 11, 2001, Okl.Cr.) (not for publication) (Chapel, J., dissenting). I yield my vote on the principle of *stare decisis*.

19. *Livingston v. State*, 1995 OK CR 68, 907 P.2d 1088, 1094.

20. *Id.*

21. *Browning v. State*, 2006 OK CR 8, 134 P.3d 816, 838.

22. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

Parties have great latitude to make arguments and inferences from the evidence; we will not grant relief unless a defendant is deprived of a fair trial and is prejudiced by improper argument.[23] Error is cured where a defendant's objection to improper argument is sustained.[24] The trial court sustained Mack's objection to five of the seven comments of which he complains, curing any error. Neither of the remaining two comments constitute error. In the first the prosecutor told jurors their job is to weigh the evidence and determine what happened. This is an accurate description of the jury's job as fact-finder. In the second, the prosecutor reminds jurors that he must prove Mack's guilt beyond a reasonable doubt and asks the jury not to hold him to a higher standard. This is an accurate statement of the burden of proof. Any improper statements were cured by the trial court, and this proposition is denied.

### Decision

¶ 10 The Judgments and Sentences of the District Court are **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2008), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, P.J., C. JOHNSON, V.P.J., A. JOHNSON, LEWIS, JJ., concur.

---

**23.** *Bell v. State,* 2007 OK CR 43, 172 P.3d 622, 624.

**24.** *Bell,* 172 P.3d at 624; *Wisdom v. State,* 1996 OK CR 22, 918 P.2d 384, 394.