FILED
United States Court of Appeals
Tenth Circuit

November 20, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARLIN JAMES MACK,

Defendant–Appellant.

No. 12-5119
(D.C. Nos. 4:09-CV-00112-CVE-PJC and
4:00-CR-00126-CVE-1)
(N.D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Defendant Merlin Mack, a federal prisoner proceeding pro se, seeks a certificate of

appealability to appeal the district court's denial of his Rule 60(b) motion for

reconsideration of the denial of his § 2255 habeas petition.[1]  Defendant was convicted on

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although Defendant titled his motion as a "motion for reconsideration," the district court correctly treated the motion as one brought under Rule 60(b) of the Federal Rules of Civil Procedure.  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). . . . If the motion [to reconsider] is served after [ten days from entry of the final judgment] it falls under Rule 60(b)." (citations omitted)).

four drug-related charges. He was sentenced to life imprisonment on counts one and two and 240 months' imprisonment on counts four and five, to run concurrently. Defendant appealed his conviction and sentence, and we affirmed. *United States v. Mack*, 100 F. App'x 752 (10th Cir. 2004). Defendant then filed a petition for writ of certiorari with the Supreme Court. The Court summarily reversed and remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *Mack v. United States*, 543 U.S. 1107 (2005) (mem.). We, in turn, vacated Defendant's sentence and remanded for re-sentencing but reinstated our prior decision on all non-sentencing matters. *United States v. Mack*, 130 F. App'x 290, 292 (10th Cir. 2005). On remand, Defendant received the same sentence. He appealed again, arguing that his sentence was unreasonable and was improperly enhanced based on facts not found by a jury. We affirmed. *United States v. Mack*, 248 F. App'x 895, 899 (10th Cir. 2007). Defendant filed a petition for writ of certiorari with the Supreme Court, which the Court denied on February 19, 2008. *Mack v. United States*, 552 U.S. 1211 (2008) (mem.).

After the denial of his petition for writ of certiorari, Defendant submitted a § 2255 petition. The petition was filed by the clerk of court on March 2, 2009, more than one year after Defendant's petition for writ of certiorari was denied. The § 2255 petition itself was not dated, and the only date on the envelope was a February 25, 2009, postmark. After considering briefing from both Defendant and the government on the timeliness of the petition, the district court dismissed Defendant's petition. It concluded Defendant had failed to establish that the prisoner mailbox rule applied and rejected his argument that a

prison lockdown in place from February 17 to 22, 2009, constituted exceptional circumstances warranting equitable tolling. A judgment of dismissal was entered on November 10, 2009.

Defendant filed a motion for reconsideration on May 29, 2012, more than two and a half years after his § 2255 petition was dismissed. He argued the district court should reconsider its dismissal of his petition because he had handed his § 2255 petition to prison authorities for mailing during an institutional lockdown on February 17, 2009, rendering his petition timely under the prison mailbox rule. In support of this argument, Defendant relied on a February 24, 2009, memorandum from a prison counselor verifying the prison was on lockdown from February 17 to 22, 2009, which had previously been submitted to the district court. Defendant asserted he placed the memorandum inside the envelope with his § 2255 petition and carried it to the mail room on February 25, 2009, three days after the lockdown concluded.

The district court treated Defendant's motion for reconsideration as a "true" Rule 60(b) motion rather than a second or successive § 2255 petition because Defendant's motion challenged the application of the statute of limitations and not the merits of his conviction. *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (explaining a Rule 60(b) motion "is a 'true' 60(b) motion if it . . . challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application"). It then denied Defendant's motion on two grounds. First, the district court concluded Defendant's motion was untimely because it was filed two and a half years after the

dismissal of his § 2255 petition, which is beyond the one-year period for motions under Rule 60(b)(1), (2), and (3), and not within the "reasonable time" required for motions under the catchall provision of Rule 60(b)(6). Fed. R. Civ. P. 60(b)(c)(1). Second, the district court concluded Defendant's reassertion of the same arguments he had raised in his briefing on the timeliness of the § 2255 motion did not rise to the level of "exceptional circumstances" required for Rule 60(b)(6) relief. Accordingly, the district court denied Defendant's motion for reconsideration. Defendant appeals this decision.

Where, as here, "the district court correctly treated the [defendant's Rule 60(b)] motion . . . as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a certificate of appealability . . . before proceeding with his or her appeal." *Spitznas*, 464 F.3d at 1217-18. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the habeas context, a petitioner seeking a certificate of appealability to challenge the denial of a true Rule 60(b) motion on procedural grounds must satisfy a two-part test by showing "'that jurists or reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Spitznas*, 464 F.3d at 1225 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Defendant's failure to satisfy either prong requires denial of a certificate of appealability. Accordingly, we base our decision on Defendant's failure to satisfy the second prong. *See United States v. Marizcales-Delgadillo*, 243 F. App'x 435,

439 (10th Cir. 2007) (basing our denial of a certificate of appealability on the second prong of the *Slack* test). In evaluating the second prong, "we must consider whether jurists of reason would find it debatable that the district court's denial of the Rule 60(b)[] motion was an abuse of discretion." *Id.*

Having thoroughly reviewed the briefs and the record on appeal, we conclude reasonable jurists would not debate whether the district court erred in denying Defendant relief, under Rule 60(b)(6), from the court's earlier decision denying his § 2255 petition. The district court did not abuse its discretion in concluding that Defendant's Rule 60(b) motion, filed more than two and a half years after the dismissal of his § 2255 petition, was not filed within a reasonable time. *See Davis v. Warden, Fed. Transfer Ctr., Okla. City*, 259 F. App'x 92, 94 (10th Cir. 2007) (holding because defendant "was aware of the basis for his objection as of the day the district court entered its order" but "waited almost three years to file his [Rule 60(b)(6)] motion" and did not explain the delay, the motion "could appropriately be considered beyond a 'reasonable time'"); *United States v. Morales-Morales*, 222 F. App'x 796, 796-97 (10th Cir. 2007) (affirming denial of Rule 60(b)(6) motion as untimely where defendant waited a year and a half to file his motion); *United States v. Cleaver*, 319 F. App'x 728, 731 n.2 (10th Cir. 2009) ("Because [defendant] waited two years to complain . . . it does not appear that [he] raised his Rule 60(b)(6) motion in a 'reasonable' time."). Nor did the district court abuse its discretion in concluding Defendant's reassertion of the same arguments regarding timeliness raised and rejected in the earlier briefing did not constitute "exceptional circumstances"

warranting relief under Rule 60(b)(6). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (holding denial of a Rule 60(b)(6) motion is not an abuse of discretion where the motion "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court" (quotations omitted)). Accordingly, we **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge