OSCN Found Document:ROUSCH v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 ROUSCH v. STATE
2017 OK CR 7
Case Number: F-2016-180
Decided: 03/29/2017
RALPH LESLIE ROUSCH, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2017 OK CR 7, __ __

 

 

SUMMARY OPINION

SMITH, JUDGE:

¶1 Ralph Leslie Rousch was tried by jury and convicted of Counts I, II and III, Making Obscene, Threatening, or Harassing Electronic Communication (misdemeanor) in violation of 21 O.S.2011, § 1172, all after former conviction of two or more felonies, in the District Court of Tulsa County, Case No. CF-2013-527.[1] In accordance with the jury's verdict the Honorable Kelly Greenough sentenced Rousch to three (3) months in jail and a $500 fine on each count, to run consecutively. Rousch appeals from these convictions and sentences.

¶2 Rousch raises one proposition of error in support of his appeal:

I. The trial court erred at sentencing when it sentenced Appellant to a multiplicitous [sic] sentence in Count 2 in violation of the Double Jeopardy clauses of the United States and Oklahoma Constitutions.

After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we find that the law and evidence do not require relief.

¶3 We find in Proposition I that there was no plain error in Rousch's conviction on Count II. Rousch argues that his conviction and sentence on Count II violates double jeopardy, since he was committing a continuous crime. He did not raise this issue at trial and we review for plain error. Barnard v. State, 2012 OK CR 15, ¶ 25, 290 P.3d 759, 767; Head v. State, 2006 OK CR 44, ¶ 9, 146 P.3d 1141, 1144. Because the alleged error is of constitutional dimensions, we review the trial court's decision to determine whether any error was harmless beyond a reasonable doubt. Robinson v. State, 2011 OK CR 15, ¶ 12, 255 P.3d 425, 430; Bartell v. State, 1994 OK CR 59, ¶ 10, 881 P.2d 92, 95. Double jeopardy protects against multiple punishment for the same offense, prohibiting a court "from imposing a greater punishment for a single offense than authorized by the legislature." Mack v. State, 2008 OK CR 23, ¶ 4, 188 P.3d 1284, 1287. In deciding whether multiple charges violate double jeopardy, we look to see whether each charged offense requires proof that the other does not. Logsdon v. State, 2010 OK CR 7, ¶ 19, 231 P.3d 1156, 1165; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Two distinct acts of the same offense, carried out against the same victim, will not violate double jeopardy where the acts are interrupted and separate in time. Grant v. State, 2009 OK CR 11, ¶ 37, 205 P.3d 1, 17.

¶4 Rousch mistakenly argues that §1172(C), a subsection of the obscene phone call statute at issue, requires that numerous calls placed in violation of the statute may only be prosecuted under one count. Title 21, Section 1172(A) repeatedly uses the singular "a" or "any" to prohibit use of any electronic communication device to make specific types of communications. 21 O.S.2011, § 1172(A). That subsection also prohibits making repeated or simultaneous calls, intended to harass another, in conspiracy or concerted action with other persons. 21 O.S.2011, § 1172(A)(6). By contrast, Subsection (C), on which Rousch relies, concerns jurisdiction and venue. It provides that use of any electronic communications facility includes all use between points of origin (the caller's location) and reception (the recipient's location), and provides, "Any offense under this section is a continuing offense and shall be deemed to have been committed at either the place of origin or the place of reception." 21 O.S.2011, § 1172(C). This subsection must be read in conjunction with the remainder of the statute. Doing so, it is clear the phrase "continuing offense" refers only to the locations and jurisdictions in which the offense may be held to have occurred. To adopt Rousch's reading would render the provisions of § 1172(A), as they refer to singular and repeated calls, useless. This we cannot do. Lewis v. City of Oklahoma City, 2016 OK CR 12, ¶ 2, 387 P.3d 899, 900.

¶5 In interpreting a statute, we look to its purpose, the evil to be remedied, and the consequences of any particular interpretation. Leftwich v. State, 2015 OK CR 5, ¶ 32, 350 P.3d 149, 160. Section 1172 is designed to criminalize the use of electronic communications to harass, intimidate, threaten, terrify, or make remarks which are "obscene, lewd, lascivious, filthy, or indecent." 21 O.S.2011, § 1172(A)(1). It protects victims from just Rousch's type of crime: unwanted calls from a stranger with remarks which, in that context, qualify as at least filthy or indecent. Rousch made numerous calls of this nature over a period of six months, even after being explicitly told to stop by both the victim and her mother, and knowing that the victim was a minor. If we adopt Rousch's interpretation, then he could only be held criminally responsible for a single violation of the statute. This consequence is not supported by the plain language of § 1172(A), and we cannot conclude it was the Legislature's intention.

¶6 All three counts were alleged to have occurred by telephone between March 20, 2012, and August 25, 2012. However, the counts themselves are separate and distinct. Rousch was charged in Count I with calling the victim and describing a particular sexual act he wished to commit against her. He was charged in Count II with calling the victim and asking her to perform a particular sexual act for his benefit. Evidence showed that while these calls were placed within the alleged time frame, each phrase was said during a separate phone call, and each phone call was separate in time from any other call. The offenses were separate and distinct. There is no double jeopardy violation. As there was no error, we find beyond a reasonable doubt that there is no plain error. This proposition is denied.

DECISION

¶7 The Judgment and Sentence of the District Court of Tulsa County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2017), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE KELLY GREENOUGH, DISTRICT JUDGE

 
 
 
 ATTORNEYS AT TRIAL

 SOFIA JOHNSON
 KATHERINE GREUBEL
 ASSISTANT PUBLIC DEFENDERS
 TULSA COUNTY
 PUBLIC DEFENDER'S OFFICE
 423 SOUTH BOULDER AVE., STE. 300
 TULSA, OK 74103
 COUNSEL FOR DEFENDANT

 
 ANDREA BROWN
 TANYA WILSON
 ASSISTANT DISTRICT ATTORNEYS
 TULSA COUNTY
 DISTRICT ATTORNEY'S OFFICE
 500 S. DENVER, STE. 800
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 ATTORNEYS ON APPEAL

 RICHARD COUCH
 TULSA COUNTY
 PUBLIC DEFENDER'S OFFICE
 423 SOUTH BOULDER AVE., STE. 300
 TULSA, OK 74103
 COUNSEL FOR APPELLANT

  

 E. SCOTT PRUITT
 ATTORNEY GENERAL OF OKLAHOMA
 JENNIFER B. WELCH
 ASSISTANT ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: Smith, J.
Lumpkin, p.J.: CONCUR
Lewis, V.P.J.: CONCUR
Johnson, J.: CONCUR
HUDSON, J.: CONCUR

FOOTNOTES

[1] Rousch was charged in each count with Lewd or Indecent Proposal to a Child, and convicted of the lesser included misdemeanor offenses.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 59, 881 P.2d 92, BARTELL v. STATE
Discussed
 2006 OK CR 44, 146 P.3d 1141, HEAD v. STATE
Discussed
 2008 OK CR 23, 188 P.3d 1284, MACK v. STATE
Discussed
 2009 OK CR 11, 205 P.3d 1, GRANT v. STATE
Discussed
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2011 OK CR 15, 255 P.3d 425, ROBINSON v. STATE
Discussed
 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed
 2015 OK CR 5, 350 P.3d 149, LEFTWICH V. STATE
Discussed
 2016 OK CR 12, 387 P.3d 899, LEWIS v. CITY OF OKLAHOMA CITY
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1172, Obscenity, Threats, or Harassment by Telephone or Other Electronic Communciation - Penalty
Discussed at Length