**Don B. WILKERSON and Bob Shoun, Petitioners,**

v.

**The DISTRICT COURT OF McINTOSH COUNTY, the Honorable Gene F. Mowery, Associate District Judge, Respondents.**

No. P–92–852.

Court of Criminal Appeals of Oklahoma.

Oct. 2, 1992.

### ORDER DENYING PETITION FOR WRIT OF PROHIBITION AND DISSOLVING STAY OF PROCEEDINGS

Petitioners filed in this Court an application to assume jurisdiction and petition for writ of prohibition to prohibit the Honorable Gene F. Mowery, Associate District Judge, Respondent, from enforcing an order sanctioning Petitioners for noncompliance with discovery orders in McIntosh County District Court Case No. M–92–39. Petitioners also requested that Respondent be disqualified from hearing further proceedings in Case No. M–92–39. Initially, this Court declined to summarily assume jurisdiction and rule in this matter, but in the alternative, directed that the Respondent, or his designated representative, respond to the averments in the Petitioners' pleadings. Proceedings in Case No. M–92–39 were stayed until further order of this Court. A response has been filed on behalf of Respondent by O.R. Barris, III, Assistant District Attorney for McIntosh County.

█ In order to be entitled to a writ of prohibition, Petitioners have the burden of establishing that (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S. 1991, Ch. 18, App. We do not find that Petitioners have met their burden in this matter.

█ Petitioners' first argument, that the discovery code and sanctions enacted in *Allen v. District Court of Washington County,* 803 P.2d 1164 (Okl.Cr.1990) do not apply to misdemeanor cases, is without merit. *Allen* applies to all criminal cases in district courts, including misdemeanors. *Id.* at 1167. The only limitation upon the application of *Allen* in a criminal case is that, in felony cases, a district court's power to act upon discovery requests is not approved by the Oklahoma Statutes until

after the preliminary examination and bind-over. *Id.* at 1169.

Petitioners next claim that the discovery sanction imposed against them is a violation of the constitutional compulsory process clause. Okla. Const. art. II, § 20; U.S. Const. amend. VI. Petitioners note that the discovery sanction order in this case imposes the "preclusion sanction" upon them in that they shall not be allowed to call any witnesses in the case other than the defendants accused on the Information in said case.

 If a defendant fails to comply with a discovery order, the trial court is empowered to order the appropriate relief, which may include prohibiting the defendant from calling specified witnesses. *Allen, supra* at 1169. Few rights are more fundamental than that of an accused to present witnesses in his own defense and the preclusion of material defense witnesses from testifying is the severest sanction for discovery violations. *Taylor v. Illinois*, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). When the discovery violations are flagrant, such as being designed to conceal a plan to present fabricated testimony or being willful and motivated by a desire to obtain a tactical advantage, then the preclusion sanction could be entirely appropriate and consistent with the purposes of the compulsory process clause. *Id.*

██ Petitioners have not established that, by imposing the sanction, Respondent has exercised power unauthorized by law or that Petitioners' remedies on appeal are not adequate and appropriate. Rule 10.-6(A), *supra.* They have not established that their witnesses, precluded from testifying, are material or that their case has been substantially prejudiced by the discovery sanction. *See e.g. Harrod v. State*, 286 Ark. 277, 691 S.W.2d 172 (1985); *State v. Lupo*, 676 S.W.2d 30 (Mo.App.1984). Moreover, from the facts developed at this point in the case, this Court is unable to determine that the preclusion sanction is not appropriate. *See Taylor, supra.*

Petitioners' final argument that Respondent should be disqualified from hearings in Case No. M–92–39 is not supported by sufficient evidence or by any authority and is rejected. *See Pittman v. State*, 718 P.2d 366 (Okl.Cr.1986).

IT IS THEREFORE THE ORDER OF THIS COURT that the petition for writ of prohibition should be, and is hereby, DENIED and that the stay of proceedings previously imposed by this Court should be, and is hereby, DISSOLVED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge
/s/ Tom Brett
TOM BRETT,
Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge