2013 OK CR 17

**Angel Noe LOZANO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2013–211.**

Court of Criminal Appeals of Oklahoma.

Oct. 23, 2013.

Ronald P. Guyer, Attorney at Law, San Antonio, TX, Barry Benefield, Attorney at Law, Oklahoma City, OK, attorneys for defendant/appellant at trial and appeal.

Austin Murrey, Patrick Blakley, Assistant District Attorneys, El Reno, OK, E. Scott Pruitt, Attorney General Of Oklahoma, Jay Schniederjan, Assistant Attorney General, Oklahoma City, OK, counsel for the State.

### SUMMARY OPINION

LUMPKIN, Judge.

¶ 1 Appellant, Angel Noe Lozano, was tried by jury and convicted of Trafficking in Illegal Drugs (Cocaine) (63 O.S.Supp.2004, § 2–415) in the District Court of Canadian County Case Number CF–2005–496. The jury recommended as punishment imprison-

ment for twenty-five (25) years and the trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in this appeal:

I.  Mr. Lozano was deprived of his right to be free of former jeopardy, guaranteed under the Fourteenth Amendment to the United States Constitution, and Article II, § 21 of the Oklahoma Constitution, where, as here, the trial court improperly declared a mistrial over Mr. Lozano's objection in the absence of manifest necessity.

II. Mr. Lozano was deprived of his right to due process of law, and his right to present a defense, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article II, § 7 of the Oklahoma Constitution, when the court excluded the balance of Juventino Lozano's testimony.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts and briefs of the parties, we have determined that neither reversal nor modification of sentence is warranted under the law and the evidence.

¶ 4 As to Proposition One, we find that the trial court did not abuse its discretion in determining that Appellant's retrial was not barred by former jeopardy. *State v. Mosley*, 2011 OK CR 20, ¶ 17, 257 P.3d 409, 415; *Randolph v. State*, 2010 OK CR 2, ¶¶ 9, 14, 231 P.3d 672, 675–77. Taking all of the circumstances into consideration there was manifest necessity for the mistrial and the constitutional protections against double jeopardy did not prohibit Appellant's retrial. *Mosley*, 2011 OK CR 20, ¶ 12, 257 P.3d at 413, *citing Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982); *Randolph*, 2010 OK CR 2, ¶¶ 9, 14,

231 P.3d at 675–77, *citing United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824). The mistrial occurred as a direct result of Appellant's misconduct. *Arizona v. Washington*, 434 U.S. 497, 516, 98 S.Ct. 824, 835–36, 54 L.Ed.2d 717 (1978); *Sussman v. District Court of Oklahoma County*, 1969 OK CR 185, ¶¶ 40–41, 455 P.2d 724, 730–31. Appellant violated the Oklahoma Criminal Discovery Code and the trial court's specific discovery order by failing to disclose to the State that his brother intended to testify that he secured and placed the cocaine in Appellant's rental car. 22 O.S.Supp.2002, § 2002(B)(1). Appellant's discovery violations were flagrant and willful. *Wilkerson v. District Court of McIntosh County*, 1992 OK CR 63, ¶ 5, 839 P.2d 659, 661, *citing Taylor v. Illinois*, 484 U.S. 400, 414, 108 S.Ct. 646, 655, 98 L.Ed.2d 798 (1988). Despite defense counsel's acknowledgment that the defense was aware of the brother's statement, the defense waited until redirect examination to attempt to develop the testimony. Therefore, it is inescapable that Appellant's discovery violations were intended to provide him with a tactical advantage at trial. *Id.* We further find that the trial Court did not act irrationally or irresponsibly but, instead, exercised "sound discretion" in assessing the impact of Appellant's misconduct on the jury and the possible double jeopardy consequences before declaring the mistrial. *Arizona*, 434 U.S. at 515–16, 98 S.Ct. at 835; *United States v. Jorn*, 400 U.S. 470, 487, 91 S.Ct. 547, 558, 27 L.Ed.2d 543 (1971). Accordingly, Proposition One is denied.[1]

¶ 5 As to Proposition Two, we find that the trial court did not abuse its discretion when it determined that Appellant had, again, committed a flagrant and willful discovery violation concerning the same witness and sanctioned Appellant. *Andrew v. State*, 2007 OK CR 23, ¶ 84, 164 P.3d 176, 196; *Wilkerson*, 1992 OK CR 63, ¶¶ 5–6, 839 P.2d at 661. Following the mistrial, the trial court ordered the parties to provide full disclosure

1. Although Appellant mentions Article II, § 21 of the Oklahoma Constitution within the title of his first proposition of error, he does not present any argument or authority to support this claim. Therefore, we find that Appellant has waived this claim for appellate review. *Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2013); *Harmon v. State*, 2011 OK CR 6, ¶ 90, 248 P.3d 918, 946.

274

concerning all intended witnesses. Prior to the witness' testimony at the retrial, the defense acknowledged both that the witness' testimony at the mistrial did not fully encompass his entire statement concerning the offense and that Appellant had not provided any additional discovery to the State. In addition, defense counsel had engaged in several conversations with the witness following the mistrial but had not supplemented Appellant's discovery response pursuant to his continuing duty to disclose under 22 O.S.Supp. 2002, § 2002(C). Appellant's repeated discovery violations evinced gamesmanship. *Baker v. State,* 2010 OK CR 19, ¶ 5, 238 P.3d 10, 12 ("Gamesmanship in discovery will not be condoned."). No good reason existed for Appellant's failure to disclose other than to gain a tactical advantage. *See Andrew,* 2007 OK CR 23, ¶ 86, 164 P.3d at 196. Therefore, the trial court's sanction of precluding Appellant from introducing testimony at the retrial from his brother beyond that which the State had notice was not too severe. *Taylor,* 484 U.S. at 415, 108 S.Ct. at 656; *Rojem v. State,* 2006 OK CR 7, ¶ 47, 130 P.3d 287, 297 (finding exclusion of defense evidence is too severe a sanction and alternative sanctions are adequate and appropriate where the violation is not willful, blatant or calculated gamesmanship). Accordingly, we find that Appellant was not denied a meaningful opportunity to present a complete defense. *Taylor,* 484 U.S. at 415, 108 S.Ct. at 656; *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986); *Coddington v. State,* 2006 OK CR 34, ¶ 47, 142 P.3d 437, 451. Proposition Two is denied.

## DECISION

¶ 6 The judgment and sentence is *AFFIRMED.* Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2013), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, P.J., SMITH, V.P.J., C. JOHNSON, J. and A. JOHNSON, J.: concur.