2017 OK CR 7

**Ralph Leslie ROUSCH, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**Case Number: F–2016–180**

Court of Criminal Appeals of Oklahoma.

Decided: 03/29/2017

SOFIA JOHNSON, KATHERINE GREUBEL, ASSISTANT PUBLIC DEFENDERS, TULSA COUNTY, PUBLIC DEFENDER'S OFFICE, 423 SOUTH BOULDER AVE., STE. 300, TULSA, OK 74103, COUNSEL FOR DEFENDANT.

ANDREA BROWN, TANYA WILSON, ASSISTANT DISTRICT ATTORNEYS, TULSA COUNTY, DISTRICT ATTORNEY'S OFFICE, 500 S. DENVER, STE. 800, TULSA, OK 74103, COUNSEL FOR THE STATE.

**1282**

RICHARD COUCH, TULSA COUNTY, PUBLIC DEFENDER'S OFFICE, 423 SOUTH BOULDER AVE., STE. 300, TULSA, OK 74103, COUNSEL FOR APPELLANT.

E. SCOTT PRUITT, ATTORNEY GENERAL OF OKLAHOMA, JENNIFER B. WELCH, ASSISTANT ATTORNEY GENERAL, 313 NE 21ST STREET, OKLAHOMA CITY, OK 73105, COUNSEL FOR APPELLEE.

## SUMMARY OPINION

SMITH, JUDGE:

¶1 Ralph Leslie Rousch was tried by jury and convicted of Counts I, II and III, Making Obscene, Threatening, or Harassing Electronic Communication (misdemeanor) in violation of 21 O.S.2011, § 1172, all after former conviction of two or more felonies, in the District Court of Tulsa County, Case No. CF–2013–527.[1] In accordance with the jury's verdict the Honorable Kelly Greenough sentenced Rousch to three (3) months in jail and a $ 500 fine on each count, to run consecutively. Rousch appeals from these convictions and sentences.

¶2 Rousch raises one proposition of error in support of his appeal:

I. The trial court erred at sentencing when it sentenced Appellant to a multiplicitous [sic] sentence in Count 2 in violation of the Double Jeopardy clauses of the United States and Oklahoma Constitutions.

After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we find that the law and evidence do not require relief.

¶3 We find in Proposition I that there was no plain error in Rousch's conviction on Count II. Rousch argues that his conviction and sentence on Count II violates double jeopardy, since he was committing a continuous crime. He did not raise this issue at trial and we review for plain error. *Barnard v. State*, 2012 OK CR 15, ¶ 25, 290 P.3d

759, 767; *Head v. State*, 2006 OK CR 44, ¶ 9, 146 P.3d 1141, 1144. Because the alleged error is of constitutional dimensions, we review the trial court's decision to determine whether any error was harmless beyond a reasonable doubt. *Robinson v. State*, 2011 OK CR 15, ¶ 12, 255 P.3d 425, 430; *Bartell v. State*, 1994 OK CR 59, ¶ 10, 881 P.2d 92, 95. Double jeopardy protects against multiple punishment for the same offense, prohibiting a court "from imposing a greater punishment for a single offense than authorized by the legislature." *Mack v. State*, 2008 OK CR 23, ¶ 4, 188 P.3d 1284, 1287. In deciding whether multiple charges violate double jeopardy, we look to see whether each charged offense requires proof that the other does not. *Logsdon v. State*, 2010 OK CR 7, ¶ 19, 231 P.3d 1156, 1165; *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Two distinct acts of the same offense, carried out against the same victim, will not violate double jeopardy where the acts are interrupted and separate in time. *Grant v. State*, 2009 OK CR 11, ¶ 37, 205 P.3d 1, 17.

¶4 Rousch mistakenly argues that § 1172(C), a subsection of the obscene phone call statute at issue, requires that numerous calls placed in violation of the statute may only be prosecuted under one count. Title 21, Section 1172(A) repeatedly uses the singular "a" or "any" to prohibit use of any electronic communication device to make specific types of communications. 21 O.S.2011, § 1172(A). That subsection also prohibits making repeated or simultaneous calls, intended to harass another, in conspiracy or concerted action with other persons. 21 O.S.2011, § 1172(A)(6). By contrast, Subsection (C), on which Rousch relies, concerns jurisdiction and venue. It provides that use of any electronic communications facility includes all use between points of origin (the caller's location) and reception (the recipient's location), and provides, "Any offense under this section is a continuing offense and shall be deemed to have been committed at either the place of origin or the place of reception." 21 O.S.2011, § 1172(C). This subsection must be

---

1. Rousch was charged in each count with Lewd or Indecent Proposal to a Child, and convicted of the lesser included misdemeanor offenses.

read in conjunction with the remainder of the statute. Doing so, it is clear the phrase "continuing offense" refers only to the locations and jurisdictions in which the offense may be held to have occurred. To adopt Rousch's reading would render the provisions of § 1172(A), as they refer to singular and repeated calls, useless. This we cannot do. *Lewis v. City of Oklahoma City*, 2016 OK CR 12, ¶ 2, 387 P.3d 899, 900.

¶5 In interpreting a statute, we look to its purpose, the evil to be remedied, and the consequences of any particular interpretation. *Leftwich v. State*, 2015 OK CR 5, ¶ 32, 350 P.3d 149, 160. Section 1172 is designed to criminalize the use of electronic communications to harass, intimidate, threaten, terrify, or make remarks which are "obscene, lewd, lascivious, filthy, or indecent." 21 O.S.2011, § 1172(A)(1). It protects victims from just Rousch's type of crime: unwanted calls from a stranger with remarks which, in that context, qualify as at least filthy or indecent. Rousch made numerous calls of this nature over a period of six months, even after being explicitly told to stop by both the victim and her mother, and knowing that the victim was a minor. If we adopt Rousch's interpretation, then he could only be held criminally responsible for a single violation of the statute. This consequence is not supported by the plain language of § 1172(A), and we cannot conclude it was the Legislature's intention.

¶6 All three counts were alleged to have occurred by telephone between March 20, 2012, and August 25, 2012. However, the counts themselves are separate and distinct. Rousch was charged in Count I with calling the victim and describing a particular sexual act he wished to commit against her. He was charged in Count II with calling the victim and asking her to perform a particular sexual act for his benefit. Evidence showed that while these calls were placed within the alleged time frame, each phrase was said during a separate phone call, and each phone call was separate in time from any other call. The offenses were separate and distinct. There is no double jeopardy violation. As there was no error, we find beyond a reasonable doubt

that there is no plain error. This proposition is denied.

### DECISION

¶7 The Judgment and Sentence of the District Court of Tulsa County is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2017), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, P.J.: CONCUR

LEWIS, V.P.J.: CONCUR

JOHNSON, J.: CONCUR

HUDSON, J.: CONCUR