LEWIS, VICE PRESIDING JUDGE:
 

 ¶ 1 James Richard Irwin, Appellant, was tried in a non-jury trial and convicted of Count 1, felony stalking, in violation of 21 O.S.Supp.2015, § 1173 ; and Counts 4 through 7, violation of a protective order, a misdemeanor, in violation of 22 O.S.2011, § 60.6, in Comanche County District Court, Case No. CF-2016-10. He also pled guilty before trial to Count 2, assault and battery, and Count 3, malicious injury to property. The Honorable Mark R. Smith, District Judge, sentenced Irwin to five (5) years imprisonment and a $1,000 fine in Count 1; ninety (90) days imprisonment, a $1,000.00 fine, and $3,028.73 restitution in Count 2; one (1) year imprisonment, a $500.00 fine, and $661.20 restitution in Count 3; and one (1) year imprisonment and a $500.00 fine in each of Counts 4 through 7, ordering the sentences in Counts 3 through 7 served concurrently.
 

 FACTS
 

 ¶ 2 After a two-month relationship with the victim ended, Appellant continued to make unwanted and threatening contact with her. On one occasion, Appellant confronted and physically assaulted a male friend of the victim. That same day, Appellant vandalized the victim's car with spray paint. The victim sought an emergency order of protection against Appellant, which was served on him the following day.
 

 ¶ 3 In violation of the protective order, Appellant followed the victim in his truck after she left a friend's house. Appellant pulled in front of her and slammed on his brakes, forcing her to take evasive action. Appellant then pointed a handgun out the window and shot it at her car. Appellant also continued to harass the victim and violate the protective order by sending text messages and leaving notes on her car window.
 

 ANALYSIS
 

 ¶ 4 In his only proposition of error, Appellant argues that his convictions for felony stalking (Count 1) in violation of a protective order, and four (4) violations of the protective order (Counts 4-7), violate the statutory prohibition against multiple punishments for a single criminal act, 21 O.S.2011, § 11, as well as the constitutional prohibition against double jeopardy. He failed to raise these objections at trial, waiving all but plain error.
 
 Simpson v. State
 
 ,
 
 1994 OK CR 40
 
 , ¶ 2,
 
 876 P.2d 690
 
 , 692-93. Appellant must therefore show that a plain or obvious error affected the outcome of the proceeding.
 
 Hogan v. State
 
 ,
 
 2006 OK CR 19
 
 , ¶ 38,
 
 139 P.3d 907
 
 , 923. This Court will correct plain error only where it seriously affects the fairness, integrity, or public reputation of the proceedings.
 
 Id
 
 .
 

 ¶ 5 Proper analysis of a section 11 claim focuses on the relationship between the crimes. If two or more crimes truly arise out of one act, section 11 prohibits prosecution and punishment for more than one crime. Section 11 does not bar the charging and conviction of separate crimes which may only tangentially relate to one or more crimes committed during a continuing course of conduct.
 
 Davis v. State
 
 ,
 
 1999 OK CR 48
 
 , ¶ 13,
 
 993 P.2d 124
 
 , 126-27. Traditional double jeopardy analysis is conducted only if section 11 does not apply.
 
 Mooney v. State
 
 ,
 
 1999 OK CR 34
 
 , ¶ 14,
 
 990 P.2d 875
 
 , 883.
 

 ¶ 6 The crime of stalking, as pertinent here, is the willful, malicious, and repeated following or harassment of another in a manner that would cause a reasonable person to feel frightened, intimidated, threatened, harassed, or molested, and which actually causes the person to feel terrorized, frightened, intimidated, threatened, harassed, or molested. 21 O.S.Supp.2015, § 1173(A)(1), (2). When the defendant stalks another while a protective order is in effect, with actual notice of the order, stalking is a felony. § 1173(B)(1). The crime of violating of a protective order includes the violation of the order after its service on the defendant. 22 O.S.2011, § 60.6(A)(1). The State concedes that Appellant's convictions for stalking and violating the protective order arise from the
 same criminal acts under
 
 Davis
 
 . We agree. Appellant feloniously stalked the victim by willfully, maliciously, and repeatedly harassing her in violation of the protective order. Punishment of Appellant by terms of imprisonment and fines totaling $2,000.00 for violating the protective order plainly violates section 11. Counts 4 through 7 are therefore reversed and remanded with instructions to dismiss.
 

 DECISION
 

 ¶ 7 The Judgment and Sentence in Count 1 is
 
 AFFIRMED
 
 . The Judgment and Sentence in Counts 4 through 7 are
 
 REVERSED
 
 and
 
 REMANDED
 
 with instructions to dismiss. Pursuant to Rule 3.15,
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch.18, App. (2018), the
 
 MANDATE
 
 is
 
 ORDERED
 
 issued upon delivery and filing of this decision.
 

 LUMPKIN, P.J.: Concur in Results
 

 HUDSON, J: Concur
 

 KUEHN, J: Concur
 

 ROWLAND, J: Concur