FRANCIS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:FRANCIS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FRANCIS v. STATE
2020 OK CR 17
Case Number: F-2019-255
Decided: 09/10/2020
SKYLER FRANCIS, Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2020 OK CR 17, __ __

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Skyler Francis,[1] was tried and convicted in a nonjury trial in Texas County District Court, Case No. CF-2018-101, of two counts of embezzlement in violation of 21 O.S.Supp.2016, § 1451.[2] The Honorable Judge Jon K. Parsley, District Judge, presided at trial and sentenced Francis to two concurrent five-year suspended sentences. The court further ordered Francis pay $5,497.00 in restitution and various other costs and fees. By agreement of both parties, the trial court ordered the sentences stayed pending this appeal. Francis now appeals and raises the following proposition of error before this Court:

I. THE DISTRICT COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS PURSUANT TO 22 OKL. ST. ANN. § 130, AS THE PROSECUTION IN OKLAHOMA WAS BARRED DUE TO THE APPELLANT'S CONVICTION IN KANSAS FOR THE SAME CRIME.

¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's judgment and sentence is AFFIRMED.

¶3 On October 31, 2018, Appellant filed a motion to dismiss the present case arguing the State's prosecution was in violation of his constitutional and statutory rights against double jeopardy. The State filed a responsive pleading opposing the motion to dismiss and a hearing on the matter was held on February 13, 2019. At the conclusion of the hearing, the trial court denied Appellant's motion. In his sole proposition of error on appeal, Appellant contends the trial court erred in denying his motion to dismiss. Citing 22 O.S.2011, § 130 and the Oklahoma and Federal Double Jeopardy Clauses, Appellant argues that his prosecution and conviction in Kansas foreclosed the possibility that Oklahoma could subsequently prosecute him.

¶4 This Court reviews the denial of a motion to dismiss for an abuse of discretion. Lozano v. State, 2013 OK CR 17, ¶ 4, 313 P.3d 272, 273 (finding the trial court "did not abuse its discretion in determining that Appellant's retrial was not barred by former jeopardy"). "An abuse of discretion has been defined as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." Vanderpool v. State, 2018 OK CR 39, ¶ 32, 434 P.3d 318, 325 (citing Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170). Appellant fails to show the trial court abused its discretion in denying his motion to dismiss. As discussed below, the facts clearly show Appellant's Oklahoma prosecution was not for the same acts or offenses for which he was prosecuted in Kansas.

¶5 Viewing his criminal conduct in Kansas and Oklahoma as the "same act"--embezzlement from his employer in Kansas--Appellant asserts his Oklahoma prosecution in Texas County violated both 22 O.S.2011, § 130 and the state and federal protections against double jeopardy.[3] Section 130 provides:

"When an act charged as a public offense is within the jurisdiction of another territory, county or state, as well as this state, a conviction or acquittal thereof in the former is a bar to a prosecution therefor in this state."

(emphasis added).[4]

 

¶6 Appellant argues Section 130 is "clear and unambiguous" and "does not allow for an interpretation [which] fabricate[s] exclusive jurisdiction" for a second prosecution for the "same act". Appellant's argument is flawed from the onset as the record shows his Kansas and Oklahoma convictions do not arise out of the "same act."

 

¶7 Section 130's protection against successive prosecutions for "an act" is analogous to Title 21, Section 11's prohibition against multiple punishments for a single criminal act.[5] Like 21 O.S.2011, § 11, Section 130's protection is confined to "an act." Cf. Irwin v. State, 2018 OK CR 21, ¶ 5, 424 P.3d 675, 676 ("If two or more crimes truly arise out of one act, section 11 prohibits prosecution and punishment for more than one crime." (emphasis added)); Barnard v. State, 2012 OK CR 15, ¶ 27, 290 P.3d 759, 767 (same). "An act" therefore denotes a single criminal act. A Section 130 analysis is thus dependent on the particular facts presented. Cf. Sanders v. State, 2015 OK CR 11, ¶ 8, 358 P.3d 280, 284 (Section 11 analysis is "based on the particular facts presented").

¶8 The record in the present case shows Appellant committed multiple acts, resulting in multiple offenses, some of which occurred in Kansas and others that transpired in Oklahoma. Each act was chronologically separated in time.[6] His actions in Kansas were thus separate and distinct from his criminal conduct in Oklahoma. Cf. Logsdon v. State, 2010 OK CR 7, ¶ 17, 231 P.3d 1156, 1165 ("Where there is a series of separate and distinct crimes, . . . Section 11 is not violated." (citing Davis v. State, 1999 OK CR 48, ¶ 12, 993 P.2d 124, 126)). Moreover, contrary to Appellant's assertion on appeal, the fact each act involved the same victim is of no consequence. Cf. Rousch v. State, 2017 OK CR 7, ¶ 3, 394 P.3d 1281, 1282 ("Two distinct acts of the same offense, carried out against the same victim, will not violate double jeopardy where the acts are interrupted and separate in time."). Appellant's Oklahoma prosecution was thus not prohibited by Section 130.

¶9 Nor was Appellant's prosecution in Oklahoma violative of the state or federal Double Jeopardy Clauses.[7] Appellant claims, as he did below, his convictions in the present case are barred by the Double Jeopardy Clause because Section 130's prohibition against a successive prosecution for the same "act" demonstrates the dual sovereignty doctrine has no application in Oklahoma. We have recognized the applicability of the dual sovereignty doctrine in Oklahoma and apply the Supreme Court's pronouncements for it. Mack v. State, 2008 OK CR 23, ¶ 6, 188 P.3d 1284, 1287.[8] Nothing in Section 130 requires reconsideration of this approach, let alone suggests that dual sovereignty is the sine qua non of Appellant's prosecution for embezzlement in Oklahoma. Section 130 provides greater protections than the Double Jeopardy Clause, but the two provisions are complimentary and work in tandem. Section 130 prohibits a successive prosecution in Oklahoma for "an act"--i.e., the same conduct or actions--for which a defendant has been previously prosecuted in "another territory, county or state."

¶10 The Double Jeopardy Clause, by contrast, "protects individuals from being twice put in jeopardy 'for the same offence,' not for the same conduct or actions[.]" Gamble v. United States, __U.S.__, 139 S. Ct. 1960, 1965 (2019) (quoting Grady v. Corbin, 495 U.S. 508, 529 (1990) (emphasis in original)). A traditional double jeopardy analysis thus need only be conducted when Section 130 does not apply. Cf. Irwin, 2018 OK CR 21, ¶ 5, 424 P.3d at 676 ("Traditional double jeopardy analysis is conducted only if section 11 does not apply."). Viewed in the proper legal and factual context, it is clear Appellant's prosecution in Oklahoma violated neither 22 O.S.2011, § 130 nor the constitutional prohibitions against double jeopardy. See Rousch, 2017 OK CR 7, ¶ 3, 394 P.3d at 1282 (two distinct acts, carried out against the same victim, that are interrupted and separate in time do not violate double jeopardy). The record shows Appellant was not twice put in jeopardy either for the "same act" or the "same offense" for which he was prosecuted in Kansas. Appellant's sole proposition of error is denied.

DECISION

¶11 The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TEXAS COUNTY
THE HONORABLE JON K. PARSLEY, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 RAZMI TAHIRKHELI
 ATTORNEY AT LAW
 412 N. WASHINGTON, STE. C
 P.O. BOX 1751
 LIBERAL, KS 67901-1751
 COUNSEL FOR DEFENDANT

 TAOS C. SMITH
 ASST. DISTRICT ATTORNEY
 319 N. MAIN STREET
 GUYMON, OK 73942
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 RAZMI TAHIRKHELI
 ATTORNEY AT LAW
 412 N. WASHINGTON, STE. C
 P.O. BOX 1751
 LIBERAL, KS 67901-1751
 COUNSEL FOR DEFENDANT

 MIKE HUNTER
 ATTORNEY GENERAL
 KEELEY L. MILLER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
  
 
 
 

OPINION BY: HUDSON, J.
LEWIS, P.J.: CONCUR IN PART/DISSENT IN PART
KUEHN, V.P.J.: CONCUR IN PART/DISSENT IN PART 
LUMPKIN, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

[1] Appellant's first name is listed in the appeal record as "Skylar" with an "a". However, this appears to be a scrivener's error. Appellant's first name is spelled two ways within the record provided from below--Skyler and Skylar. Throughout most of the record, Appellant's first name is spelled "Skyler" with an "e". Key documents spelling it this way include, inter alia, the original charging Information, the Amended Information, Appellant's Motion to Dismiss, and the Judgment and Sentence--Non-Jury Trial. Transcripts of the three hearings held in relation to this case also denote Appellant's name as "Skyler." It appears the switch to "Skylar" with an "a" occurred when counsel filed Appellant's Notice of Intent to Appeal.

[2] The parties jointly asked that the trial court render its verdict based on the preliminary hearing record.

[3] The Fifth Amendment provides in pertinent part "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. The Oklahoma Constitution provides "[n]or shall any person be twice put in jeopardy of life or liberty for the same offense." Okla. Const. art. 2, § 21.

[4] Notably, this Court has only peripherally discussed or referenced Section 130 in one case--State ex rel. Cobb v. Mills, 1945 OK CR 124, 163 P.2d 558, 562, 82 Okl.Cr. 155, 162.

[5] 21 O.S.2011, § 11 provides in relevant part that "an act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions[;]" however, "in no case can a criminal act or omission be punished under more than one section of law; and an acquittal or conviction and sentence under one section of law, bars the prosecution for the same act or omission under any other section of law."

[6] The record shows Appellant purportedly made a total of 102 separate unauthorized purchases with his company credit card, totaling $61,389.60, at two different Walmart stores located in Liberal, Kansas, between September 11, 2017, and March 8, 2018. On April 10, 2018, Appellant was charged in Seward County District Court, Case No. 2018-CR-168, with Theft (Count 1); Criminal Use of a Financial Card (Count 2); and Making False Information (Count 3). Notably, none of the Kansas charges encompassed Appellant's criminal conduct in Oklahoma. Neither the affidavit for arrest, the complaint, nor the journal entry of waiver and arraignment filed in Seward County mention Appellant's Oklahoma offenses. On June 25, 2018, Appellant entered a negotiated plea of no contest to Criminal Use of a Financial Card (Count 2). The remaining charges were dismissed with prejudice.

[7] "[T]his Court construes and interprets Oklahoma's Double Jeopardy Clause as providing the same protections offered by the federal clause." Kane v. State, 1996 OK CR 14, ¶ 6 n.5, 915 P.2d 932, 934 n.5 (citing Edwards v. State, 1991 OK CR 71, ¶ 7, 815 P.2d 670, 672 (Oklahoma's "constitutional prohibition against double jeopardy is coextensive with that of the federal constitution")). "Double jeopardy protects against (a) a second prosecution for the same offense after acquittal; (b) a second prosecution for the same offense after conviction; and (c) multiple punishments for the same offense." Mack v. State, 2008 OK CR 23, ¶ 4, 188 P.3d 1284, 1287 (emphasis added); see also United States v. Halper, 490 U.S. 435, 440 (1989); Brown v. Ohio, 432 U.S. 161, 165 (1977); Kane, 1996 OK CR 14¶ 6, 915 P.2d at 934.

[8] Appellant's claim is heavily reliant on Cobb, 1945 OK CR 124, 163 P.2d at 571, 82 Okl.Cr. at 182-83, wherein the Court determined the "question of double punishment" was governed by 21 O.S.1941, § 25, a statute that has since been repealed. See 21 O.S.1941, § 25, repealed by Laws 1986, c. 178, § 1. To the extent Cobb is inconsistent with Mack and today's ruling, it is expressly overruled.

LEWIS, PRESIDING JUDGE, CONCURRING IN PART AND DISSENTING IN PART:

¶1 I concur in the Court's conclusions that prosecution of the Appellant for one or more criminal acts committed in Oklahoma is clearly not barred by a statute that prohibits prosecution for a separate act "charged as a public offense" in Kansas, and does not inflict double jeopardy for the same offense. This much of the opinion is a straightforward application of the rarely used language of 22 O.S.2011, § 130 and basic principles of double jeopardy.

¶2 The Court confuses matters with a passing reference to the doctrine of dual sovereignty, which has no application here; and with a tenuous analogy to Title 21, section 11, and its unusual state law relationship to double jeopardy. The Court's analogy to section 11 jurisprudence, with its supposedly significant distinction between an "act" and an "offense," only expands a logically problematic statutory interpretation into yet another domain. The same doubtful premise now appears here in the opinion's assertion that "Section 130's protection is confined to an 'act.'"

¶3 But what is an "offense," after all, but an "act or omission forbidden by law" and punishable upon conviction? 21 O.S.2011, § 3. Section 130 addresses itself to "an act charged as a public offense" when providing that "conviction or acquittal thereof" in another state bars the Oklahoma prosecution (emphasis added). The utility of section 11's strained distinctions here is anything but clear.

¶4 At the most basic level, Appellant was guilty of "acts" and "offenses" against the laws of Oklahoma and Kansas; but neither his "acts" nor his "offenses" were the "same" for purposes of section 130 or double jeopardy. It seems unnecessary to complicate our analysis beyond this rudimentary point. And relegating section 130 to a "complementary" or "tandem" role for double jeopardy law needlessly diminishes the statute's greater protective force, which the Court acknowledges. From this academic and ill-conceived exercise, I respectfully dissent.

¶5 I am authorized to state that Vice Presiding Judge Kuehn joins in this separate opinion concurring in part and dissenting in part.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1991 OK CR 71, 815 P.2d 670, EDWARDS v. STATE
Discussed
 1996 OK CR 14, 915 P.2d 932, KANE v. STATE
Discussed at Length
 2008 OK CR 23, 188 P.3d 1284, MACK v. STATE
Discussed at Length
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed
 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed
 2013 OK CR 17, 313 P.3d 272, LOZANO v. STATE
Discussed
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed
 2017 OK CR 7, 394 P.3d 1281, ROUSCH v. STATE
Discussed at Length
 2018 OK CR 21, 424 P.3d 675, IRWIN v. STATE
Discussed at Length
 2018 OK CR 39, 434 P.3d 318, VANDERPOOL v. STATE
Discussed
 1999 OK CR 48, 993 P.2d 124, Davis v. State
Discussed
 1945 OK CR 124, 163 P.2d 558, 82 Okl.Cr. 155, Oklahoma ex rel Cobb v Mills
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1451, 21 O.S. 1451, Embezzlement Defined - Penalties
Cited
 21 O.S. 3, Definition of Crime and Public Offense
Cited
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Discussed
 21 O.S. 25, Repealed
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 130, Conviction or Acquittal Outside State or County a Bar
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA