OSCN Found Document:NORMAN v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 NORMAN v. STATE
2023 OK CR 4
528 P.3d 1142
Case Number: F-2022-247
Decided: 04/20/2023
MARCELL JERON NORMAN, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2023 OK CR 4, 528 P.3d 1142

 

S U M M A R Y O P I N I O N 

LUMPKIN, JUDGE:

¶1 Appellant Marcell Jeron Norman was tried by jury and convicted of Child Sexual Abuse with a Child Under Twelve Years (21 O.S.Supp.2014, § 843.5(F)) (Count I); and Child Sexual Abuse (21 O.S.Supp.2014, § 843.5(E)) (Counts II and III), After Former Conviction of Two Felonies, in the District Court of Tulsa County, Case No. CF-2019-5275. The jury returned sentences of thirty-five (35) years in prison and a $500.00 fine in each count. The trial court sentenced accordingly, ordering the sentences in Counts I and II to run consecutively and the sentence in Count III to run concurrently.[1]

¶2 Appellant appeals from these convictions and sentences and raises the following propositions of error:

I. After finding the State failed to prove Appellant was not in custody for purposes of Miranda, the court erred by nevertheless admitting the interrogation recording on the ground that Appellant's unwarned statements did not rise to a "confession".

II. The State's failure to preserve critical evidence violated due process and required dismissal.

III. The court erred by permitting the State's child hearsay evidence; presenting D.B.'s account to the jury at least four extra times was cumulative and improperly bolstered her testimony.

IV. The State's evidence was insufficient to establish guilt beyond a reasonable doubt.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted.

¶4 In Proposition I, Appellant asserts the trial court erred in overruling his motion to suppress statements made during a police interrogation in violation of Miranda.[2] Appellant argues that the State failed to show that he was not in custody at the time of the statements, therefore his unwarned statements were not admissible before the jury.

¶5 The record shows that days after D.B.'s allegations against Appellant were reported to law enforcement, Appellant was detained on an outstanding arrest warrant on charges unrelated to D.B.'s case and taken to the Tulsa County Jail. There he was interviewed by Detective Kraft regarding D.B.'s allegations. Appellant was not given the Miranda warning and spoke with the detective.

¶6 Prior to trial, the defense filed a Motion to Suppress seeking suppression of the interrogation and all statements made by Appellant as given in violation of Miranda. Immediately before the start of trial, the court heard argument and testimony regarding the Motion to Suppress and the voluntariness of Appellant's statements.[3] The court overruled the motion to suppress, finding the interview did not contain a confession, Appellant's statements were voluntary, and admissible before the jury as statements of a party opponent.

¶7 "We review the trial court's ruling on a motion to suppress for an abuse of discretion." Mason v. State, 2018 OK CR 37, ¶ 17, 433 P.3d 1264, 1270. "We defer to the trial court's findings of fact unless they are clearly erroneous and we review the trial court's legal conclusions derived from those facts de novo." Id.

¶8 "[I]mprisonment alone is not enough to create a custodial situation within the meaning of Miranda." Howes v. Fields, 565 U.S. 499, 511 (2012). In Mason, we addressed custodial interrogation and stated:

It is well established that "police officers are not required to administer Miranda warnings to everyone whom they question." Oregon v. Mathiason, 429 U.S. 492, 495 (1977)). Rather, Miranda warnings are only required when a person is subject to a custodial interrogation which occurs where questioning is initiated by law enforcement officers after a person has been taken into custody or is otherwise deprived of his freedom in any significant way. A person is in custody for purposes of Miranda when there is "a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." The relevant inquiry as to whether a suspect is in custody is how a reasonable person in the suspect's position would have understood the situation.

Custody, for purposes of Miranda warnings, "is a term of art that specifies circumstances that are thought generally to present a serious danger of coercion." Howes v. Fields, 565 U.S. 499, 508-09 (2012). The fact that Mason was in a transitional center pursuant to an unrelated conviction at the time he was interviewed about his involvement in Bounds' death does not, however, mean that he was presumptively "in custody" for purposes of Miranda. See Fields, 565 U.S. at 508.

2018 OK CR 37, ¶¶ 18-19, 433 P.3d at 1270-71 (some citations omitted).

¶9 In the present case, the evidence shows the circumstances surrounding Appellant's interrogation did not present the same "inherently coercive pressures" which required Miranda warnings.

¶10 The evidence shows that Appellant was at the Tulsa County Jail on a charge unrelated to D.B.'s allegations. His freedom of movement was therefore somewhat restricted. Unlike Howes and cases cited therein, Appellant was not actually serving a prison sentence at the time he was interviewed. He was in jail on a warrant and we have no information about the legal proceedings connected with the warrant other than it was for drug related charges.

¶11 Appellant was informed that he could leave the interrogation room at any time and return to his cell. Detective Kraft and Marty Widdoes, DHS Investigator on the case, were the only other people in the interrogation room with Appellant. The door to the interrogation room was closed but not locked. There is no indication Appellant was physically restrained during the interview, which lasted approximately 30 minutes. Det. Kraft kept his gun holstered and did not threaten or coerce Appellant into speaking with him.

¶12 Although he was not given Miranda warnings, Appellant was told that he did not have to speak with the officer. Detective Kraft described Appellant as cooperative. At no point did Appellant say he no longer wanted to talk with Kraft and Widdoes, and he did not ask to go back to his cell prior to the end of the interview. At the end of the interview, Appellant was told he could go back his pod. Nothing was said about arresting him based upon D.B.'s allegations. Charges relating to crimes against D.B. were not filed against Appellant until approximately 10 days later.

¶13 A review of the record shows there was sufficient evidence of the interrogation and surrounding circumstances to support a finding that Appellant was not in custody for reasons related to the allegations made by D.B. and therefore Detective Kraft was not required to advise Appellant him of his Miranda rights prior to the interview. Appellant has provided no evidence suggesting that a reasonable person in his circumstances would have believed he was not free to terminate the interview and leave before the end of the interview. Because Appellant's interview with Detective Kraft was non-custodial, Miranda warnings were not required. Suppression of Appellant's statements for lack of a Miranda warning was not required.

¶14 The trial court also determined that as Appellant denied he committed any crimes against D.B. and denied knowing anything about the allegations, the interview did not contain a confession whose voluntariness need be determined. The court ultimately admitted Appellant's statements as those of a party opponent. "Volunteered statements of any kind are not barred by the Fifth Amendment." Phillips v. State, 1982 OK CR 144, ¶ 12, 650 P.2d 910, 913. The trial court did not abuse its discretion in denying the motion to suppress and admitting Appellant's statements. This proposition is denied.

¶15 In Proposition II, Appellant argues the trial court abused its discretion in denying his Motion to Dismiss Due to Spoilation of Evidence. Appellant asserts that a school surveillance video showing Appellant walking D.B. into school on October 11, 2019, only hours after he allegedly raped her was lost due to the bad faith of the police. He argues the video would have shown D.B. was walking normally that morning and the absence of such evidence significantly impaired his ability to present a defense that no rape occurred that morning.

¶16 During his investigation, Detective Kraft located and viewed this surveillance footage. A school official copied the video to a disc for the detective who in turn booked the disc into evidence. It was later discovered that the disc was blank and the video had not copied. The court denied the motion to dismiss finding the detective's actions did not constitute bad faith and that there was no substitute for the video.

¶17 We review the court's ruling for an abuse of discretion. Francis v. State, 2020 OK CR 17, ¶ 4, 474 P.3d 372, 374. An abuse of discretion is a clearly erroneous conclusion and judgment, that is clearly against the logic and effect of the facts presented. Id. 

¶18 "The Due Process Clause of the Fourteenth Amendment obligates the State to preserve evidence that might be expected to play a significant role in a suspect's defense." Harris v. State, 2019 OK CR 22, ¶ 34, 450 P.3d 933, 948 (citing California v. Trombetta, 467 U.S. 479 (1984)). Appellant asserts relief is warranted under Trombetta, holding that a defendant is entitled to relief if he can show that police destroyed evidence which had apparent exculpatory value and he is unable to reasonably obtain comparable evidence, and Arizona v. Youngblood, 488 U.S. 51, 57 (1988) which provides a defendant with relief if he can show the police, acting in bad faith, destroyed potentially useful evidence. This Court has recognized and applied both cases. Bever v. State, 2020 OK CR 13, ¶ 51, 467 P.3d 693, 703-04 (citing Martinez v. State, 2016 OK CR 3, ¶¶ 19-29, 37 P.3d 1100, 1108-1110). No relief is warranted in the present case under either Trombetta or Youngblood.

¶19 Under Trombetta, relief is warranted if the lost evidence was exculpatory. "Exculpatory evidence is evidence that if admitted would create reasonable doubt that did not exist without the evidence." Stouffer v. State, 2006 OK CR 46, ¶ 195, 147 P.3d 245, 279; Trombetta, 467 U.S. at 485. The evidence was conflicting whether D.B. was walking normally as she entered the school. However, the way she walked into school that morning was not exculpatory as it would not have created a reasonable doubt that Appellant did not rape her earlier that morning. Any exculpatory value the video might have had was greatly minimized by evidence that later that same day D.B. experienced non-menstrual related vaginal bleeding. The first prong of Trombetta has not been met, thus rendering inquiry into the second prong moot.

¶20 Youngblood requires the defense to show that the police acted in bad faith in destroying potentially useful evidence. "If the State failed to preserve evidence that can only be called potentially useful to the defense, then no relief is warranted unless the defendant can show bad faith on the State's part. Harris, 2019 OK CR 22¶ 34, 450 P.3d at 949 (citing Youngblood, 488 U.S. at 58). Appellant argues that "Kraft's conduct, recklessly submitting the disc into evidence without verifying the video downloaded properly and playable, constituted 'bad faith'". The trial court's finding that there was no evidence of bad faith on the part of Detective Kraft is supported by the record. At most, Detective Kraft was negligent in not double checking that the video had copied onto the disc. The failure to preserve the school video was inadvertent. The failure to preserve evidence through inadvertence and negligence is not sufficient to prove bad faith. See U.S. v. Gardner, 244 F.3d 784, 789 (10th Cir. 2001) ("[t]he loss of the tape was, at worst, the product of negligence" and not sufficient to establish bad faith). As Appellant has failed to show bad faith on the part of Detective Kraft, the failure to preserve the video does not constitute a denial of due process of law under Youngblood.

¶21 Appellant has failed to show a due process violation as he has not shown either (1) that the State permitted the loss or destruction of the school surveillance video whose exculpatory value was apparent at the time, or (2) that the State acted in bad faith in permitting the loss or destruction of the video with even potential value to the defense. The trial court did not abuse its discretion in denying the motion to dismiss. This proposition is denied.

¶22 In Proposition III, Appellant argues the trial court erred in allowing D.B.'s account of the abuse to be presented to the jury multiple times. He argues this was cumulative and improperly bolstered D.B.'s testimony in a case that turned on her credibility.

¶23 Prior to trial, the State filed a notice of its intent to offer child hearsay evidence pursuant to 12 O.S.2021, § 2803.1 to include statements made by D.B. to her mother, Ms. Shelton; to the SANE nurse, Ms. Galloway; and to the forensic examiner, Ms. Blevins. At trial, the State presented testimony from D.B., Ms. Shelton, and Ms. Galloway, without a defense objection. When the State sought to play D.B.'s forensic interview with Ms. Blevins at the Child Advocacy Center, defense counsel objected on the grounds of cumulativeness. The trial court overruled the objection finding the forensic interview was not cumulative.

¶24 Whether our review is for plain error -- in light of Appellant's failure to raise an objection on the grounds of cumulativeness to the testimony of Ms. Shelton and Ms. Galloway or for an abuse of discretion -- in light of the objection raised to Ms. Blevins' testimony and the forensic interview, we find no cause for relief. See Welch v. State, 2000 OK CR 8, ¶ 30, 2 P.3d 356, 370-71 (failure to object to admissibility of evidence reviewed for plain error); Williams v. State, 2021 OK CR 19, ¶ 6, 496 P.3d 621, 624 (trial court evidentiary rulings are reviewed for an abuse of discretion).

¶25 While there is some overlap in the testimony, it cannot be said the State improperly bolstered its version of the facts by duplicating its case. See Folks v. State, 2008 OK CR 29, ¶¶ 14-15, 207 P.3d 379, 383. Each witness presented the State's evidence in a different manner. There was no error or abuse of discretion in admitting the evidence. This proposition of error is denied.

¶26 In Proposition IV, Appellant challenges the sufficiency of the evidence supporting his convictions arguing that D.B's testimony was "contradictory, thoroughly impeached, incredible and unworthy of belief" and the State failed to present any meaningful corroborating evidence. Therefore, his case should be reversed with instructions to dismiss.

¶27 Challenges to the sufficiency of the evidence are reviewed in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Mitchell v. State, 2018 OK CR 24, ¶ 11, 424 P.3d 677, 682. In reviewing sufficiency of the evidence claims, this Court does not reweigh conflicting evidence or second-guess the decision of the fact-finder; we accept all reasonable inferences and credibility choices that tend to support the verdict. Id., 2018 OK CR 24, ¶ 11, 424 P.3d at 682.

¶28 "'A child victim's testimony does not require corroboration when it is lucid, clear, and unambiguous.'" Gordon v. State, 2019 OK CR 24, ¶ 34, 451 P.3d 573, 583 (quoting Applegate v. State, 1995 OK CR 49, ¶ 16, 904 P.2d 130, 136). "Although a child may give a slightly different story before trial, corroboration is not required when her testimony at trial is consistent." Id. "Alleged inconsistencies must relate to the actual criminal act rather than related events." Id. "Ultimately, 'even sharply conflicting testimony' does not trigger the need for corroboration." Id. (quoting Gilmore v. State, 1993 OK CR 27, ¶ 12, 855 P.2d 143, 145).

¶29 As Appellant asserts, the State did not offer any propensity evidence, there was no confession nor an eyewitness -- except for Appellant and D.B. Appellant picks out isolated inconsistencies in D.B's statements to argue she was not believable. To the contrary, her testimony was overall consistent, credible, and worthy of belief. To the extent there were variations in her testimony, these included dates, timing, and certain details. Subjects that any child in D.B's situation -- given her young age, the passage of time between the abuse and trial, having acts committed upon her which she probably did not understand and could not explain, and the ensuing trauma -- would have trouble with reporting. Her testimony was consistent and credible. No corroboration was warranted.

¶30 Reviewing D.B.'s testimony and the remainder of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes of Child Sexual Abuse beyond a reasonable doubt. This proposition of error is denied.

¶31 Accordingly, this appeal is denied.

DECISION

¶32 The JUDGMENT and SENTENCE is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2023), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE MICHELLE B. KEELY, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 MICHAEL MANNING
 624 S. DENVER AVE., STE. 201
 TULSA, OK 74103
 COUNSEL FOR THE DEFENSE

 STEPHEN A. KUNZWEILER
 DISTRICT ATTORNEY
 AMY DICKENS
 ASST. DISTRICT ATTORNEY
 500 S. DENVER, STE. 900
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 CHAD JOHNSON
 OKLAHOMA INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 JOHN M. O'CONNOR
 ATTORNEY GENERAL OF OKLAHOMA
 MARY R. INCREMONA
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 

OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Specially Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Specially Concur
MUSSEMAN, J.: Recused

 

FOOTNOTES

[1] Appellant must serve 85% of his sentence in each count before becoming eligible for consideration for parole. 21 O.S.2011, § 13.1.

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

[3] See Jackson v. Denno, 378 U.S. 368 (1964).

 

 

LEWIS, J., SPECIALLY CONCUR:

¶1 I write separately to address the trial court's ruling in admitting the statement of Appellant. While the trial court's ultimate conclusion that the statement was admissible is correct, the trial court's rational is completely flawed.

¶2 The trial court found that Appellant was in custody for Miranda purposes but allowed the statement into evidence because it was not a confession. These conclusions are neither factually nor legally sound. However, the trial court's erroneous conclusions do not affect the ruling of admission.

¶3 The analysis in the opinion focuses on the custody question finding that Appellant was not in custody for purposes of Miranda. I agree in that conclusion and the analysis based on Howes v. Fields, 565 U.S. 499 (2012), which effectively finds that the trial court abused its discretion in this finding. I believe it needs to be pointed out that the trial court also made an erroneous conclusion that only incriminating statements be excluded due to a violation of Miranda. Both Appellant and the State agree that the character of the statement, whether incriminating, exculpatory or neutral, is not determinative of admissibility. See Rhode Island v. Innis, 446 U.S. 291, 301, n.5 (1980) ("By 'incriminating response' we refer to any response -- whether inculpatory or exculpatory -- that the prosecution may seek to introduce at trial."); see also Miranda, 384 U.S. at 476-477.

¶4 Had the trial court followed the law after finding that Appellant was in custody for purposes of Miranda, the trial court was obliged to suppress the statements. Legally, however, the admission of the statement did not amount to error because Appellant was not in custody.

¶5 I am authorized to state that Presiding Judge Scott Rowland joins in this separate opinion.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2023 OK CR 13, 
KURTANIC v. STATE
Discussed at Length

 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1993 OK CR 27, 855 P.2d 143, 
GILMORE v. STATE
Discussed

 
1995 OK CR 49, 904 P.2d 130, 
APPLEGATE v. STATE
Discussed

 
2006 OK CR 46, 147 P.3d 245, 
STOUFFER v. STATE
Discussed

 
2008 OK CR 29, 207 P.3d 379, 
FOLKS v. STATE
Discussed

 
2016 OK CR 3, 371 P.3d 1100, 
MARTINEZ v. STATE
Cited

 
2018 OK CR 24, 424 P.3d 677, 
MITCHELL v. STATE
Discussed at Length

 
2018 OK CR 37, 433 P.3d 1264, 
MASON v. STATE
Discussed at Length

 
2019 OK CR 22, 450 P.3d 933, 
HARRIS v. STATE
Discussed at Length

 
2019 OK CR 24, 451 P.3d 573, 
GORDON v. STATE
Discussed

 
2020 OK CR 13, 467 P.3d 693, 
BEVER v. STATE
Discussed

 
2020 OK CR 17, 474 P.3d 372, 
FRANCIS v. STATE
Discussed

 
2021 OK CR 19, 496 P.3d 621, 
WILLIAMS v. STATE
Discussed

 
2000 OK CR 8, 2 P.3d 356, 71 OBJ 989, 
Welch v. State
Discussed

 
1982 OK CR 144, 650 P.2d 910, 
PHILLIPS v. STATE
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2803.1, 
Statements by Certain Children Regarding Physical or Sexual Abuse - Admissibility
Cited

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 843.5, 
Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties - Definitions
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA